445 A.2d 796

**COMMONWEALTH of Pennsylvania**

v.

**William HARDWICK, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 14, 1981.

Filed May 14, 1982.

John Halley, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

WIEAND, Judge:

William Hardwick was tried by jury and was found guilty of simple assault[1] and making terroristic threats.[2] Post trial motions were denied, and Hardwick was sentenced to serve a term of imprisonment for not less than one nor more than two years. After the time for appeal had expired, a P.C.H.A. petition was filed. Following hearing, the trial court granted leave to file an appeal nunc pro tunc. Consequently, the matter is before this Court on direct appeal. The only argument made by appellant is that the evidence was insufficient to sustain the findings of guilt.[3] There is

1. 18 Pa.C.S. § 2701.

2. 18 Pa.C.S. § 2706.

3. Appellant's argument is cloaked in an assertion that trial counsel was ineffective for failing to preserve the sufficiency of the evidence

no merit in this argument; and, therefore, we affirm the judgment of sentence.

"In appraising the sufficiency of evidence, we must apply a two-step test. First, we must regard the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the fact finder could properly have based its verdict; then we must ask whether that evidence, with all reasonable inferences from it, was sufficient to prove guilt beyond a reasonable doubt." *Commonwealth v. Herriott*, 265 Pa.Super. 143, 147, 401 A.2d 841, 843–44 (1979), quoting from *Commonwealth v. Eddington*, 255 Pa.Super. 25, 26, 386 A.2d 117, 117–18 (1978).

The facts proven by the evidence are recited in the opinion of the Honorable Ralph Cappy, trial judge, as follows: "On the morning of July 31, 1978, several guards employed at the Allegheny County Jail were alerted to an altercation taking place in the 'lower circle' of the jail.... The argument turned into a physical 'wrestling match' between Hardwick and [Corrections Officer Gary] Morrison, and two other inmates, as well as Officers Milcic and Sweeney, and Lieutenant Faiello intervened to break up the fight. The officers proceeded to subdue the residents, and then Lieutenant Faiello and Officer Milcic assisted Morrison in transporting Hardwick to a Special Housing Unit in the jail called the 'SHU.' En route, Morrison and Hardwick again began to exchange words. A heated argument broke out during which Hardwick took a swing at Morrison, missing him.[4] Officer Milcic immediately grabbed the defendant, and pulled him away from Morrison towards the 'SHU,' whereupon Hardwick struck Milcic twice in the head area with his fist. The Officers finally got Hardwick securely into the SHU, and proceeded to the jail's medical department where they were advised to go to a hospital for x-rays. The officers went to the Central Medical Pavillion Emergency

for appellate review. This is difficult to comprehend. The sufficiency of the evidence issue was preserved in post trial motions and is properly before this Court on direct appeal.

**4.** Appellant was found not guilty of assaulting Officer Morrison.

Room, where they were examined, x-rays were taken and they were both released with instructions to take a couple of days off from work.

"On August 11, 1978, Officer Milcic was assigned to the 'SHU' area of the jail. While he was in the process of [delivering] food . . ., the defendant approached him, stating, as Milcic testified, that 'he's going to get out of jail some day. When he does he's going to get a gun, and come after me and Officer Morrison.' . . . The defendant admitted to the 'wrestling match' with Morrison, but denied striking or threatening Milcic at any time. He alleged that each physical altercation was instigated by Morrison."

■ The crime of simple assault is defined in 18 Pa.C.S. § 2701(a) and includes an attempt to cause or intentionally, knowingly or recklessly causing "bodily injury to another." "Bodily injury" is defined as an "impairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. The evidence in the instant case was clearly sufficient to sustain the jury's finding that appellant caused bodily injury to Milcic with the required mens rea.

A more interesting question is whether appellant, on August 11, 1978, committed the crime of making a terroristic threat in violation of 18 Pa.C.S. § 2706. This section of the Crimes Code provides in pertinent part, as follows:

> A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another . . . or in reckless disregard . . . of causing such terror . . . .

"The purpose of the section is to impose criminal liability on persons who make threats which seriously impair personal security . . . . It is not intended by this section to penalize mere spur-of-the-moment threats which result from anger." Comment, Joint State Government Commission (1967). The offense does not require that the accused intend to carry out the threat; it does require an intent to terrorize. The harm sought to be prevented is the psychological distress which follows from an invasion of another's sense of personal

security. *See* Model Penal Code, revised comments, § 211.3. "[A] single verbal threat might be made in such terms or circumstances as to support the inference that the actor intended to terrorize . . . ." Toll, Pennsylvania Crimes Code Annotated, § 2706, p. 332.

■ As here pertinent, to prove a violation, the Commonwealth was required to prove "(1) a threat to commit a crime of violence, and (2) that such threat was communicated with an intent to terrorize." *Commonwealth v. Holguin*, 254 Pa.Super. 295, 305, 385 A.2d 1346, 1351 (1978). In the instant case, there was a threat made. The clear implication of that threat was that defendant, upon release from prison, would find Milcic and shoot him. Moreover, the circumstances under which the threat was made were such that a jury could infer that it was appellant's intent to terrorize. Indeed, it is difficult to discern any other reason for making such a threat to Milcic on August 11, eleven days after the altercation in which Milcic had intervened.

■ The threat made by appellant was not one of those "spur-of-the-moment threats which result from anger," which this Court held insufficient in *Commonwealth v. Sullivan*, 269 Pa.Super. 279, 409 A.2d 888 (1979). Rather, the facts were more nearly analogous to those in *Commonwealth v. Ashford*, 268 Pa.Super. 225, 407 A.2d 1328 (1979), where the defendant, while being arrested, threatened to hunt down the arresting officers and kill them and their families. Such a threat was held sufficient to sustain a conviction. *See also State v. Daley*, Me., 411 A.2d 410 (1980), where the Supreme Court of Maine held that a communicated threat to kill a police officer was a sufficient averment of fact to sustain a complaint charging the offense of making a terroristic threat.

The threat made by appellant to Milcic was pregnant with the promise of violence. It was made under circumstances suggesting that the maker intended to induce alarm or anxiety in the hearer. As such, it was a terroristic threat;

and the Commonwealth's proof thereof was sufficient to sustain the conviction.

The judgment of sentence is affirmed.