458 A.2d 198

**COMMONWEALTH of Pennsylvania**

**v.**

**Henry SPELLER, Appellant.**

Superior Court of Pennsylvania.

Submitted October 19, 1982.

Filed March 11, 1983.

570

Barry H. Denker, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, BECK and MONTEMURO, JJ.

WIEAND, Judge:

Henry Speller was tried in the Municipal Court of Philadelphia and convicted of making terroristic threats, a misdemeanor,[1] and harassment, a summary offense.[2] He appealed to the Court of Common Pleas where, following a trial de novo, he was again found guilty of the same offenses. A sentence of imprisonment for not less than 3 months nor more than 23 months, to be followed by a consecutive three year period of probation, was imposed for terroristic threats; a one day suspended sentence was imposed for harassment. Speller has appealed. He contends that the evidence was insufficient to sustain the conviction for terroristic threats, that he was improperly tried for harassment, that prejudicial error occurred in evidentiary rulings made by the trial court and that trial counsel was ineffective.

In evaluating the sufficiency of the evidence, we employ a two step test. First, we must view the evidence in the light most favorable to the Commonwealth, accepting as true all evidence upon which the finder of fact could properly have based its verdict. Next, we must determine whether that evidence, together with all reasonable inferences drawn from it, was sufficient to enable the trier of the facts to find every element of the crime charged beyond a reasonable doubt. *Commonwealth v. Lovette*, 498 Pa. 665, 669, 450 A.2d 975, 977 (1982); *Commonwealth v. Goldblum*, 498

1. 18 Pa.C.S. § 2706.

2. 18 Pa.C.S. § 2709.

Pa. 455, 467, 447 A.2d 234, 240 (1982); *Commonwealth v. Waller*, 498 Pa. 33, 44, 444 A.2d 653, 658 (1982); *Commonwealth v. Horner*, 497 Pa. 565, 568, 442 A.2d 682, 683 (1982); *Commonwealth v. Hardwick*, 299 Pa.Super. 362, 363, 445 A.2d 796, 796 (1982).

■ The crime of terroristic threats is defined in 18 Pa.C.S.A. § 2706 as follows:

> A person is guilty of a misdemeanor of the first degree if he threatens to commit any crime of violence with intent to terrorize another or to cause evacuation of a building, place of assembly, or facility of public transportation, or otherwise to cause serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

A violation of the statute is proved by evidence that (1) a threat to commit a crime of violence was made and (2) such threat was communicated with intent to terrorize. *Commonwealth v. Ferrer*, 283 Pa.Super. 21, 23, 423 A.2d 423, 424 (1980); *Commonwealth v. Ashford*, 268 Pa.Super. 225, 229, 407 A.2d 1328, 1329 (1979); *Commonwealth v. Holguin*, 254 Pa.Super. 295, 305, 385 A.2d 1346, 1351 (1978). "The offense does not require that the accused intend to carry out the threat; it does require an intent to terrorize. The harm sought to be prevented is the psychological distress which follows from an invasion of another's sense of personal security." *Commonwealth v. Hardwick, supra* 299 Pa.Super. at 365, 445 A.2d at 797. See: Model Penal Code § 211.3, revised comments (1980). See also: *Commonwealth v. Green*, 287 Pa.Super. 220, 429 A.2d 1180 (1981); *Commonwealth v. Bunting*, 284 Pa.Super. 444, 426 A.2d 130 (1981); *Commonwealth v. Ashford, supra; Commonwealth v. Holguin, supra.*

■ On the evening of October 19, 1979, appellant and several friends were gathered in front of the neighborhood store operated by Mr. and Mrs. Hugh Alan Stephen on North Sixteenth Street in the City of Philadelphia. The Stephens were then preparing dinner in their apartment, which adjoined the store. They were able to see appellant

from the window of their apartment, and appellant was able to see them. Using profanity, appellant called the complainants names and shouted, "We're going to get you out of here tonight." He also yelled that he would burn their house and make a parking lot of their garage. Mrs. Stephen also heard appellant threaten in a loud voice that it would be "the last night on earth" for them and that he would blow up their house and "finish the job he started two years ago." This was a reference, the evidence showed, to an altercation on March 23, 1978, in which appellant had inflicted a serious head injury to Mr. Stephen with a blackjack. The incident had been the basis for appellant's subsequent conviction for assault and had marked the commencement of a pattern of harassing tactics by appellant. These tactics included the circulation of petitions against the Stephens, throwing bricks and bottles at them, and dragging customers from their store.

The threats made on October 19, 1979 were sufficient to sustain appellant's conviction for making terroristic threats. They included threats of physical violence to the Stephens and also a threat to destroy their property by fire. These clearly were threats to commit crimes of violence. *Commonwealth v. Ferrer, supra; Commonwealth v. Sullivan,* 269 Pa.Super. 279, 409 A.2d 888 (1979). That there was a settled purpose to terrorize, as distinct from a spur of the moment threat resulting from transitory anger,[3] was shown by the history of incidents initiated by appellant and calculated to harass and annoy the Stephens. It was unnecessary for the Commonwealth to prove that appellant intended to carry out his threats or that he had the ability to do so.

■ Appellant contends that it was error to allow evidence of the prior assault committed by appellant against Mr. Stephen as well as other "incidents." As a general

---

**3.** In *Commonwealth v. Sullivan, supra,* spur of the moment threats resulting from anger were held to fall short of the necessary intent to terrorize. See also: *Commonwealth v. Ferrer, supra; Commonwealth v. Ashford, supra; Commonwealth v. Green, supra.*

rule, evidence of prior criminal acts by an accused is inadmissible. *Commonwealth v. Morris*, 493 Pa. 164, 175, 425 A.2d 715, 720 (1981). See: *Commonwealth v. Gonzales*, 297 Pa.Super. 66, 76, 443 A.2d 301, 306 (1982); *Commonwealth v. Sanders*, 296 Pa.Super. 376, 378, 442 A.2d 817, 818 (1982); *Commonwealth v. Hawkins*, 295 Pa.Super. 429, 437, 441 A.2d 1308, 1311 (1982); *Commonwealth v. Krajci*, 283 Pa.Super. 488, 498, 424 A.2d 914, 919 (1981). However, a long standing exception to this rule exists where the evidence of prior criminal acts is probative of a defendant's motive or intent. *Commonwealth v. Styles*, 494 Pa. 524, 528, 431 A.2d 978, 980 (1981); *Commonwealth v. Brown*, 489 Pa. 285, 296, 414 A.2d 70, 75 (1980); *Commonwealth v. DeVaughn*, 488 Pa. 629, 631, 413 A.2d 660, 661 (1980); *Commonwealth v. Laughman*, 306 Pa.Super. 269, 271 n. 1, 452 A.2d 548, 549 n. 1 (1982); *Commonwealth v. Gonzales*, *supra* 297 Pa.Super. at 76–77, 443 A.2d at 306; *Commonwealth v. Rough*, 275 Pa.Super. 50, 63, 418 A.2d 605, 612 (1980).

■ In the instant case, the evidence concerning appellant's prior conviction for assaulting Mr. Stephen was related closely to the crime for which appellant was being tried. Stephen had testified against appellant at the assault trial and had thereby contributed to appellant's conviction. Stephen also testified that between sentencing in January, 1979 on the assault charge and October, 1979 there had been more than one hundred "incidents" involving him and the appellant. In the trial for terroristic threats, the prior conviction and the history of related incidents were relevant to show appellant's motive and also to negative transitory anger and show an intent to terrorize. See: *Commonwealth v. Faison*, 437 Pa. 432, 446, 264 A.2d 394, 401 (1979); *Commonwealth v. Bracero*, 296 Pa.Super. 368, 372–373, 442 A.2d 813, 815 (1982). See also: *Commonwealth v. Meredith*, 490 Pa. 303, 308 n. 2, 416 A.2d 481, 484 n. 2 (1980); *Commonwealth v. Roman*, 465 Pa. 515, 523–524, 351 A.2d 214, 218 (1976); *Commonwealth v. Peterson*, 453 Pa. 187, 197–198, 307 A.2d 264, 269 (1973). Additionally,

evidence of the prior assault was admissible to explain the full impact of appellant's threat to "finish the job" he had started two years before. Appellant's threats on October 19, 1979 were part of a series of harassing acts directed against the Stephens; and evidence of these prior acts, as they culminated in the offenses for which appellant was being tried, was clearly relevant. See: *Commonwealth v. Faison, supra* 437 Pa. at 446, 264 A.2d at 401. See also: *Commonwealth v. Green,* 290 Pa.Super. 76, 80–81, 434 A.2d 137, 139 (1981).

Appellant also contends that it was improper to permit the prosecuting attorney to cross-examine him regarding the incident of March 23, 1978 and the subsequent conviction for assault. The cross-examination pertained to advice by appellant's probation officer to stay away from the neighborhood in which the Stephens resided. The cross-examination was conducted from beginning to end without defense objection. Moreover, the propriety of the cross-examination of appellant conducted by the prosecuting attorney was not raised in post-verdict motions. Under these circumstances the propriety of appellant's cross-examination has been waived and is not properly before us for appellate review. Pa.R.A.P. 302(a); Pa.R.Crim.P. 1123. See: *Commonwealth v. Silver,* 499 Pa. 228, 452 A.2d 1328 (1982); *Commonwealth v. Cargo,* 498 Pa. 5, 444 A.2d 639 (1982); *Commonwealth v. Dunston,* 496 Pa. 552, 437 A.2d 1178 (1981); *Commonwealth v. Butts,* 495 Pa. 528, 434 A.2d 1216 (1982); *Commonwealth v. Stauffer,* 309 Pa.Super. 176, 454 A.2d 1140 (1982); *Commonwealth v. Seeley,* 297 Pa.Super. 498, 444 A.2d 142 (1982); *Commonwealth v. Hughes,* 268 Pa.Super. 536, 408 A.2d 1132 (1979).

Although conceding the sufficiency of the evidence to show harassment, appellant contends that this charge was not before the trial court and that his conviction thereof was improper. Harassment, being a course of conduct intended to and which does in fact alarm or seriously annoy another person and which serves no legitimate purpose, is a summary offense. 18 Pa.C.S. § 2709(3). See: *Common-*

*wealth v. Duncan,* 239 Pa.Super. 539, 363 A.2d 803 (1976). Criminal proceedings were instituted by filing a private complaint, approved by the District Attorney, which charged appellant with harassment and terroristic threats. Pursuant thereto a summons was issued. After the charges had been heard and appellant had been found guilty in the Municipal Court, he appealed to the Court of Common Pleas. The District Attorney, upon receiving notice of the appeal, prepared and filed an information as commanded by Pa.R.Crim.P. 6010. That information contained only a charge of terroristic threats. The record shows that the charge of harassment was not included in the information because, in the opinion of the District Attorney, an information was unnecessary to bring before the court for hearing de novo an appeal from a summary conviction. See: Pa.R.Crim.P. 67(f). The information charging a misdemeanor and the appeal from the summary conviction for harassment were consolidated for trial before the same judge in order to avoid separate trials in violation of *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973), *addendum op.,* 455 Pa. 622, 314 A.2d 854 (1974), *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). However, appellant objected to being tried for harassment because the District Attorney had not included a harassment charge in the information. The trial court overruled the objection, appellant waived trial by jury, and both the misdemeanor and summary charge were heard by the trial judge without jury.

The procedure adopted by the Commonwealth was defective. A summary case is "a case in which the *only* offense or offenses charged are summary offenses." Pa.R.Crim.P. 3(p). Where one or more of the offenses charged is a misdemeanor, the case is a court case. Pa.R.Crim.P. 3(f). The effect of this distinction is amplified by the comment to Pa.R.Crim.P. 51 as follows:

"A criminal proceeding shall be brought under Chapter 50 of these Rules [Summary Cases] in cases in which all the offenses charged are either summary offenses or

ordinance violations. If one or more of the charges is a misdemeanor or felony, the summary offense, if known at the time, shall be charged in the same complaint, and the case shall proceed as a court case . . . ."

Similarly, the comment to Pa.R.Crim.P. 101 suggests:

"Whenever a misdemeanor or felony is charged, even if a summary offense is also charged in the same complaint, the case should proceed as a court case . . . ."

The same distinction has been carried into Chapter 6000 of the Rules of Criminal Procedure, which contains the procedure for criminal cases in the Philadelphia Municipal Court. Thus, Pa.R.Crim.P. 6002, which establishes procedure in summary cases, applies only to proceedings "in which a person is accused only of one or more non-traffic summary offenses." On the other hand, Pa.R.Crim.P. 6003 establishes the procedure applicable to Non-Summary Municipal Court cases. It has application to cases "which charge any misdemeanor under the Crimes Code."

▆ The complaint in the instant case had charged appellant with the misdemeanor of terroristic threats and the summary offense of harassment, and he had been found guilty as charged. The case was not a summary case but a court case. Similarly, when appellant filed his appeal for trial de novo in the Court of Common Pleas, the case was not a summary case; it was a court case. Therefore, the District Attorney was required by Rule 6010 to file an information containing the charges on which appellant was to be tried. Unfortunately, the District Attorney failed to treat it as a court case. The information required by Rule 6010 should have included, but did not, all charges, i.e., the misdemeanor and the summary offense. The information was the formal accusation in the court case. See and compare: Pa.R.Crim.P. 6006(a)(3) (the Municipal Court judge following sentence must advise the defendant that if he appeals from a verdict of guilty, the Municipal Court charge will be considered by the District Attorney as the basis for the preparation of an information); Pa.R.Crim.P. 225 (if several offenses are joined in a single information,

there shall be a separate count for each offense charged); Pa.R.Crim.P. 225(d) (in all court cases the issues at trial are to be defined by the information).

What, then, is the effect of the failure to include the summary charge of harassment in the information? The information has not been amended to include a count of harassment. Consequently, appellant has never been charged formally in the court case with harassment.

■ The law is clear that a defendant cannot be convicted of an offense which is not the accusation made against him. *Commonwealth v. Komatowski*, 347 Pa. 445, 453, 32 A.2d 905, 909 (1943); *Commonwealth v. Longo*, 269 Pa.Super. 502, 503, 410 A.2d 368, 369 (1979). To invoke the jurisdiction of the court to try an accused for a criminal offense, "it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged.... The right to formal notice of charges, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution, is so basic to the fairness of subsequent proceedings that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court." *Commonwealth v. Little*, 455 Pa. 163, 168–169, 314 A.2d 270, 273 (1974). See also: *Commonwealth ex rel. Fagan v. Francies*, 53 Pa.Super. 278 (1913). Compare: *Commonwealth v. Diaz*, 477 Pa. 122, 126, 383 A.2d 852, 854 (1978).

■ In the instant case, the court case against appellant was de novo. Its scope was defined by the formal charges contained in the information. Appellant could neither be tried for nor convicted of offenses not alleged in the information. It was improper, therefore, for the trial court to find appellant guilty of harassment. The offense was not formally charged and was not a constituent of the offense of making terroristic threats; it should have been charged separately.

On direct appeal, appellant is represented by counsel who was not trial counsel. Appellate counsel alleges for the first time that trial counsel was ineffective for failing to interview and/or call as witnesses those neighbors who, allegedly, were present on October 19, 1979 and heard no threats made.[4] It appears that there may be arguable merit in this contention. See: *Commonwealth v. Bailey*, 480 Pa. 329, 390 A.2d 166 (1978) (plurality opinion); *Commonwealth v. Mabie*, 467 Pa. 464, 359 A.2d 369 (1976); *Commonwealth v. Abney*, 465 Pa. 304, 350 A.2d 407 (1976); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. White*, 303 Pa.Super. 550, 450 A.2d 63 (1982); *Commonwealth v. Guerrisi*, 297 Pa.Super. 245, 443 A.2d 818 (1982); *Commonwealth v. Pittman*, 295 Pa.Super. 234, 441 A.2d 436 (1982); *Commonwealth v. Burrell*, 286 Pa.Super. 502, 429 A.2d 434 (1981). However, we are unable to decide this issue on the present state of the record. In the first place, we have only counsel's allegation that neighbors were present at the time of the alleged offense and possessed relevant information. We do not know what these neighbors would have said if called to testify. Additionally, we do not know whether trial counsel was aware of the identity of the alleged witnesses. Finally, if he knew of them, it does not appear whether there was reason for not compelling their attendance at trial. Because these facts are missing, it is necessary that we remand for an evidentiary hearing. If the hearing court determines that trial counsel failed to provide effective assistance, a new trial should be granted. If, on the other hand, the court finds that counsel's assistance was not ineffective, a judgment of sentence should be reimposed.

4. This issue is properly raised on direct appeal. See: *Commonwealth v. Upsher*, 497 Pa. 621, 625 n. 3, 444 A.2d 90, 92 n. 3 (1982); *Commonwealth v. Wade*, 480 Pa. 160, 172 n. 7, 389 A.2d 560, 566 n. 7 (1978) (plurality opinion); *Commonwealth v. Hubbard*, 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977); *Commonwealth v. Stewart*, 302 Pa.Super. 203, 209 n. 3, 448 A.2d 598, 601 n. 3 (1982); *Commonwealth v. Watts*, 294 Pa.Super. 319, 321, 439 A.2d 1220, 1221 (1982); *Commonwealth v. Cooke*, 288 Pa.Super. 205, 208, 431 A.2d 360, 362 (1981).

The judgment of sentence for harassment is vacated, and appellant is discharged. The judgment of sentence for terroristic threats is vacated, and the cause is remanded for an evidentiary hearing consistent with the foregoing opinion.