594 A.2d 772

**COMMONWEALTH of Pennsylvania**

v.

**Sharon HOFFMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 17, 1991.

Decided Aug. 12, 1991.

Stephen P. Vlossak, Sr., Asst. Public Defender, Palmerton, for appellant.

Richard W. Webb, Dist. Atty., Palmerton, for Com., appellee.

Before CIRILLO, DEL SOLE and BROSKY, JJ.

BROSKY, Judge.

This appeal is from a judgment of sentence following appellant's bench trial conviction of two counts of harassment and one count of disorderly conduct. Post-trial motions were denied, and appellant was sentenced to pay a fine of $600.00 plus court costs.

On appeal, appellant challenges the sufficiency of the criminal information. Appellant claims that the information did not include the harassment or disorderly conduct charges, thereby depriving the trial court of jurisdiction. Appellant also asserts that the lack of formal notice in the information of the summary offense charges violated her right to due process of law. We are constrained to vacate the judgment of sentence and discharge appellant.

The facts giving rise to this incident are as follows: The victims, Harold Nothstein and Gayle Smale, drove to appellant's apartment at approximately 10:00 a.m., on Saturday, August 5, 1989, in order to pick up Mr. Nothstein's son pursuant to court-ordered visitation. (N.T. 7, February 14, 1990). Appellant is the mother of the child.

Outside her apartment, appellant gave the child to Mr. Nothstein and stated to him that she opposed further visitation. An argument ensued. Mr. Nothstein testified that appellant hit him about the face and neck causing a laceration on his forehead. *Id.*, 20. He also testified that he could not stop appellant because he was trying to protect his two-year old son whom he held in his arms. *Id.* Appellant testified that she did not strike Mr. Nothstein. *Id.*, 44. Appellant confirmed, however, that she did punch Ms. Smale, Mr. Nothstein's companion, in the nose. *Id.* Ms. Smale's nose was broken and required surgery. *Id.*, 35. After the initial assault upon Ms. Smale, the latter and appellant engaged in an altercation, as a result of which Ms. Smale incurred puncture wounds on her leg when appellant bit her. *Id.* Ms. Smale testified that the attack was unprovoked. *Id.*, 13–14. Appellant stated that Ms. Smale provoked her by spitting in her face. *Id.*, 44. The jury, however, credited appellant's version of the incident, thereby resulting in an acquittal on the misdemeanor offense of simple assault.

The procedural scenario giving rise to the instant appeal is as follows: On September 8, 1989, the Commonwealth filed a criminal complaint charging appellant with two counts of simple assault, two counts of harassment and one count of disorderly conduct. The Commonwealth filed a criminal information on November 27, 1989, which formally charged appellant with two counts of simple assault. The information did not charge appellant with the summary violations. A jury trial was held on February 14, 1990. As noted above, appellant was acquitted on both counts of simple assault. After the jury verdict, the trial court, as fact finder on the summary offenses, found appellant guilty of two counts of harassment and one count of disorderly conduct.

As a matter of procedure, the summary offenses were part of the court case. A summary case is "a case in which the only offense or offenses charged are summary offenses." Pa.R.Crim.P. 3(s). In a summary case, the

Commonwealth is required only to advise the defendant of the charges in the criminal complaint before trial. Pa. R.Crim.P. 83(a)(1). An indictment or information is not required. However, this is not a summary case. Where at least one offense charged is a misdemeanor, the case is a court case. Pa.R.Crim.P. 3(g). "Any summary offenses in such a case, shall be charged in the same complaint as the higher offenses and shall be disposed of as part of the court case." Pa.R.Crim.P. 51, Explanatory Comment. *See* 18 Pa.C.S. § 110; *See also Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973); *Commonwealth v. Harris,* 400 Pa.Super. 12, 582 A.2d 1319 (1990). Therefore, since the rules governing this case fall under Chapter 100, Pa. R.Crim.P. 83(a)(1) is inapplicable. Pa.R.Crim.P. 51, Explanatory Comment. Pursuant to Pa.R.Crim.P. 225(d), the Commonwealth was required to file an information which contained all charges on which appellant was to be tried. An information constitutes the formal accusation necessary in a court case in counties which have abolished the grand jury system of formal charge. *See* Pa. Const., art. 1, §§ 9, 10; Pa.R.Crim.P. 225(d); *Commonwealth v. Speller,* 311 Pa.Super. 569, 458 A.2d 198 (1983).

In *Commonwealth v. Little,* 455 Pa. 163, 168–169, 314 A.2d 270, 273 (1974), our supreme court held that, as a general proposition, subject matter jurisdiction does not obtain unless and until formal accusation of the charge(s) is given in the indictment. In *Commonwealth v. Komatowski,* 347 Pa. 445, 453, 32 A.2d 905, 909 (1943), our supreme court stated that our system of justice requires the Commonwealth to accurately and meticulously draft the indictment so that the defendant may know the charges against which he must defend at trial. "[H]e may not be convicted of an offense which is not the accusation made against him or any constituent thereof." *Id.* Thus, since the Commonwealth failed to formally charge Mr. Komatowski of third-degree murder in the indictment, the trial court was without jurisdiction to convict and sentence him on that charge.

■ *Commonwealth v. Speller, supra,*[1] relying upon *Little* and *Komatowski,* held that the failure to include a summary charge of harassment in the information which charged the misdemeanor offense of terroristic threats precluded the trial court from exercising jurisdiction on the summary offense of harassment. 311 Pa.Super. at 578–579, 458 A.2d at 203. The court further opined that a criminal defendant cannot be convicted of an offense which is not included in the information and which was not a constituent of the offense contained in the information. *Id.,* 311 Pa.Superior Ct. at 579, 458 A.2d at 204; *Cf. Commonwealth v. Longo,* 269 Pa.Super. 502, 503, 410 A.2d 368, 369 (1979) (once the Commonwealth has filed the charges in an indictment, a criminal defendant cannot plead guilty to an offense which is not charged in that indictment). Therefore, it is apparent from the foregoing authorities that all charges for which an accused is to stand trial must be contained in a criminal information.

■ In this case, appellant waived formal arraignment. However, she received a copy of the information through the mail. Nevertheless, she is not contesting lack of notice of the charges, generally. Instead, she challenges the facial validity of the criminal information on the basis that it did not list the summary offenses for which she was ultimately convicted in a bench trial and sentenced. Concomitantly, she challenges the jurisdiction of the court to hear the summary offenses and convict her because of the absence of these charges in the criminal information.[2] Ap-

---

**1.** Although *Speller* involves the application of Chapter 6000 of the Pennsylvania Rule of Criminal Procedure which apply only to Philadelphia County, this is a distinction without a difference. The court stated that the rule in question, Pa.R.Crim.P. 6002, was based upon the comment to Pa.R.Crim.P. 101 and therefore is no different from the procedure required in other counties. 311 Pa.Super. at 578, 458 A.2d at 202.

**2.** Although appellant did not file an omnibus pretrial motion challenging the validity of the criminal information, she is not precluded from raising this issue on appeal, for she now contests the subject matter jurisdiction of the trial court to hear the summary offenses and to convict and sentence her. Subject matter jurisdiction is non-waivable. *Little,* 455 Pa. at 168–169, 314 A.2d at 273; *Speller,* 311 Pa.Super. at 579, 458 A.2d at 203.

pellant's argument to this court is that while the information contained the misdemeanor offense of simple assault, she was denied formal, adequate notice of the summary offenses charged against her. As a general proposition, an accused is entitled to adequate formal notice of the charges for which he will be required to stand trial. Pa. Const., art. 1, §§ 9, 10; *Little, supra; Commonwealth v. Hoffman,* 230 Pa.Super. 444, 331 A.2d 805 (1974).

The Commonwealth argues that the stipulation filed of record, by which appellant stipulated to a jury trial, lists the summary offenses together with the misdemeanor charges. Therefore, the Commonwealth asserts, appellant was aware that she would stand trial for the summary offenses, as well. However, we cannot, in light of due process considerations, equate a mere stipulation, whose chief purpose is to apprise the court that the parties have agreed to a jury or to a bench trial, with a legal document whose sole purpose is to provide an accused with notice of the formal criminal charges which have been filed against him/her. The stipulation filed here did not contain any of the formal requisites attendant to a criminal information. A criminal information requires a "plain and concise statement of the essential elements of the offense substantially the same or cognate to the offense alleged in the complaint...." Pa.R.Crim.P. 225(b)(5). *Cf. Commonwealth v. Taylor,* 324 Pa.Super. 420, 471 A.2d 1228 (1984) (where conviction was based upon an information which alleged no facts but merely proceeded on the basis of the averments contained in the criminal complaint, jury instruction to consider the facts in the complaint was improper). It is clear therefore that the stipulation did not provide appellant with the type of notice required by law.

Finally, it cannot be argued that the absence of the summary offenses from inclusion in the criminal information is justified by their being considered constituent

offenses of the crime of simple assault. An offense is generally considered to be a constituent or included offense if all essential elements of the lesser offense are included in the greater offense. *Commonwealth v. Williams,* 299 Pa.Super. 278, 445 A.2d 753 (1982). The elements of simple assault are the attempt "to cause or intentionally, knowingly or recklessly" cause "bodily injury to another," or negligently causing bodily injury to another with a deadly weapon, or the attempt to "put another in fear of imminent bodily injury." 18 Pa.C.S. § 2701(a). On the other hand, the element of intent necessary for harassment is an "intent to harass, annoy or alarm another person: (1) [when] he strikes, shoves, kicks or otherwise subjects him to physical contact...." 18 Pa.C.S. § 2709. It is clear that harassment is not a constituent offense of simple assault because the elements are not identical. The elements of disorderly conduct need not be considered in this case since the trial court rendered sentence only on the charge of harassment.

Thus, the trial court was without jurisdiction to try, convict and sentence appellant on the summary charges. *Komatowski, supra; Speller, supra.* Because the charges of harassment and disorderly conduct were not included in the criminal information, appellant could not be tried, convicted or sentenced on these charges.

Judgment of sentence vacated; appellant discharged.