J-S12020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONTAE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2929 EDA 2019 |

Appeal from the PCRA Order Entered September 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014802-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONTAE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2930 EDA 2019 |

Appeal from the PCRA Order Entered September 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014806-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DONTAE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2931 EDA 2019 |

Appeal from the PCRA Order Entered September 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014807-2010

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 9, 2021**

In these consolidated appeals, Appellant Dontae Williams appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act,[1] (PCRA).  Appellant raises one claim of ineffective assistance of counsel.  After review, we reverse the PCRA court's order and vacate Appellant's conviction and judgment of sentence for conspiracy to commit murder.

In its opinion, the PCRA court provided the following factual summary:

> On September 10, 2010, Appellant and an unknown male shot at Mr. Angel Perez in the area of the 3300 block of F Street in Philadelphia.  Mr. Perez pulled out a gun, returned fire, and suffered a gunshot wound.  At the time, Ms. Lourdes Carcamo and her three-year-old daughter were walking on the street near their home.  Errant gunfire struck Ms. Carcamo in her back and struck the child in the head.

PCRA Ct. Op., 6/16/20, at 3 (citations omitted).  The PCRA court set forth the procedural history in this matter as follows:

> At Docket No. CP-51-CR-0014802-2010, [Appellant] was charged with attempted murder, aggravated assault, criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possessing an instrument of crime, and recklessly endangering another person.[fn1] At Docket No. CP-51-CR-0014806-2010, Appellant was charged with attempted murder, aggravated assault, and recklessly endangering another person.[fn2]  At Docket No. CP-51-CR-0014807-2010, Appellant was charged with attempted murder, aggravated assault, and recklessly endangering another person.[fn3]
>
> [fn1] Respectively, 18 Pa.C.S. §§ 901, 2702, 903, 6106, 6108, 907, and 2705.
>
> [fn2] Respectively, 18 Pa.C.S. §§ 901, 2702, and 2705.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[fn3] Respectively, 18 Pa.C.S. §§ 901, 2702, and 2705.

In December 2010, after his preliminary hearing, [Appellant's trial counsel (trial counsel)] filed a motion to quash, asserting insufficient evidence to proceed to trial on any of the charges. In February 2011, the Honorable Karen Shreeves-Johns quashed the charge of criminal conspiracy.[2]

On January 17, 2012, Appellant's jury trial commenced before the Honorable Willis W. Berry.[3] On January 18, 2012, after the parties gave opening statements, the following exchange took place[:]

The Trial Court: So there is conspiracy against one guy?

Commonwealth: [Against Appellant], obviously based on the testimony.

The Trial Court: I didn't have that on there.

Counsel for [Perez]: I am still a little unclear on what the Commonwealth is proceeding on if you want to talk about that.

[Trial Counsel]: Everything.

The Trial Court: I've got Aggravated Assault.

Commonwealth: Attempted Murder.

_____

[2] The pre-trial court's order read as follows: "Conspiracy charge quashed only—all other charges to remain." Order, 2/3/11. We note that the only conspiracy charge on the information was noted as having the criminal objective of "robbery/assault." Information, 12/10/10. The Information does not indicate if the "assault" was simple assault or aggravated assault. Although the only conspiracy charge was quashed, Appellant was convicted of conspiracy with an unknown male to commit murder of co-defendant Perez in addition to other charges as described herein.

[3] Although Mr. Perez was a victim in the shooting, he was also charged as a perpetrator. During the September 10, 2010 incident, Mr. Perez drew his own gun and fired it at Appellant. N.T., 1/18/12, at 9. For their participation in this "shootout," Mr. Perez and Appellant were both charged and tried in a single trial. *Id.*

> The Trial Court: Attempted murder, simple assault, recklessly endangering another person.
>
> Commonwealth: I probably won't move[4] on the simple assault on anybody.
>
> The Trial Court: 6108 and PIC, and conspiracy . . . .
>
> (Notes of Testimony ("N.T."), 01/18/2012, at 28). [Trial] counsel did not object to the inclusion of conspiracy. One week later, the trial court instructed the jury on [the aforementioned charges including] the charge of criminal conspiracy [to commit murder], and, again, [Trial] counsel did not object. (N.T. 01/25/2012, at 135-37).
>
> On January 26, 2012[,] the jury convicted Appellant of all charges. Although Judge Shreeves-Johns quashed [the conspiracy charge], the Commonwealth . . . proceeded to trial on conspiracy [to commit murder]. On May 22, 2012, for the three attempted murder convictions, the trial court sentenced Appellant to three consecutive periods of incarceration of five years to ten years. The court imposed no further penalty on conspiracy [to commit murder] or the remaining charges. On April 29, 2016, the Superior Court affirmed the judgment of sentence. ***Commonwealth v. Williams***, [1821 EDA 2012, 2016 WL 1729202 (Pa. Super. filed Apr. 29, 2016) (unpublished mem.)]. On August 10, 2016, the Supreme Court of Pennsylvania denied Appellant's Petition for Allowance of Appeal. [***Commonwealth v. Williams***, 145 A.3d 727 (Pa. 2016).]

PCRA Ct. Op., 6/16/20, at 1-3 (footnote omitted and some formatting altered).

Appellant filed a timely *pro se* PCRA petition on July 24, 2017, and on October 2, 2017, the PCRA court appointed current counsel, David Barrish, Esq., to represent Appellant. Attorney Barrish filed an amended PCRA petition

---

[4] Similarly, Appellant uses the term "moving" as a synonym for "prosecuting." Appellant's Am. Brief at 26.

on February 4, 2019. In the amended petition, Appellant alleged that trial counsel was ineffective for failing to object to the Commonwealth proceeding at trial as if the conspiracy charge had not been quashed and in failing to object to the trial court instructing the jury on the offense of "conspiracy."[5] Am. PCRA Pet., 2/4/19, at 15. The PCRA court held a hearing in this matter on August 5, 2019, and on August 7, 2019. On September 9, 2019, the PCRA court denied Appellant PCRA relief in an order that included all three trial court docket numbers.

On October 8, 2019, Appellant filed timely separate appeals at each trial court docket. On October 31, 2019, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before November 21, 2019. On November 20, 2019, at all three dockets, Appellant filed a motion for extension of time in which to file his Rule 1925(b) statement as the notes of testimony had not yet been transcribed. The PCRA court did not rule on the motion; however, on December 31, 2019, Appellant filed a Rule 1925(b) statement at each trial court docket number. In the Rule 1925(b) statements, Appellant alleged that the PCRA court erred in denying PCRA relief and contended that trial counsel was ineffective. Additionally, Appellant asserted that the Rule 1925(b)

---

[5] In his brief, Appellant does not specify the crime underlying this conspiracy conviction. However, as noted above, the record indicates that the Commonwealth proceeded on, and the jury convicted Appellant of conspiracy to commit murder by agreeing with an unknown male to shoot Mr. Perez. N.T., 1/25/12, at 90, 126-35.

statements were timely as they were filed within twenty-one days of December 11, 2019, the date that the notes of testimony were transcribed. On June 16, 2020, the PCRA court filed its Rule 1925(a) opinion.[6]

On July 28, 2020, Appellant filed a petition to consolidate the appeals in our Court. On August 20, 2020, we granted the petition to consolidate.[7]

On appeal, Appellant presents the following issue for our review:

> Did the PCRA court err when it dismissed Appellant's PCRA petition after a hearing as . . . trial counsel was ineffective, for failing to object to the Commonwealth moving, at trial, on the criminal offense of criminal conspiracy and for failing to object to the trial court instructing the jury on the criminal offense of criminal conspiracy, as the criminal offense of criminal conspiracy was quashed before trial by a judge of coequal jurisdiction, therefore trial counsel's actions were deficient and prejudiced Appellant's defense?

Appellant's Am. Brief at 2 (formatting altered).

---

[6] As noted, the record does not indicate whether the trial court granted Appellant's request for an extension. However, this Court may address the merits of a criminal appeal where the appellant files an untimely Rule 1925(b) statement, if the trial court prepared an opinion addressing the issues raised on appeal. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (explaining that where an appellant filed an untimely Rule 1925(b) statement, "this Court many decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal"). Here, the trial court filed an opinion addressing Appellant's issues; accordingly, we need not find waiver based on his untimely Rule 1925(b) statement. *See id*.

[7] Appellant first filed an appellate brief on November 12, 2020. On December 2, 2020, Appellant filed an application to strike the original brief due to clerical errors and requested to file an amended brief. On December 21, 2020, we granted Appellant's application, and Appellant's amended brief was filed that day.

Appellant contends that the only charge of criminal conspiracy was quashed on February 3, 2011, prior to trial. *Id.* at 29. However, despite the conspiracy charge being quashed, the Commonwealth prosecuted a charge of conspiracy to commit murder at trial and trial counsel failed to object. *Id.* Additionally, in its jury charge, the trial court provided an instruction on conspiracy to commit murder of co-defendant Perez with an unknown male, and trial counsel did not object. *Id.* at 31 (citing N.T. Trial, 1/25/12, at 135-6, 139). Appellant asserts that he suffered prejudice as a result. *Id.*[8]

_____

[8] On direct appeal, Appellant argued that the conspiracy charge had been quashed and that the trial court erred in instructing the jury on that offense. *Williams*, 2016 WL 1729202, at \*2 (Pa. Super. 2016). This Court found the issue was waived due to Appellant's failure to object:

> Appellant was aware, at the commencement of trial, that the Commonwealth intended to pursue a conspiracy charge against him. Thereafter, during closing arguments, [trial counsel] specifically referenced the conspiracy charge. *See* N.T., 01/25/2012, at 90–91. Moreover, the trial court instructed the jury on the conspiracy charge without objection. *Id.* at 135–37. At each of these critical points, Appellant failed to challenge the Commonwealth's right to proceed with a conspiracy charge. Accordingly, we deem the issue waived. *See, e.g., Commonwealth v. Robinson*, 670 A.2d 616, 620 (Pa. 1995) (collecting cases holding that failure to raise issue before the trial court results in waiver); Pa.R.A.P. 302.

*Id.* Here, on appeal from the denial of PCRA relief, the issue is raised as a claim of ineffective assistance of counsel for failing to object to the alleged error. Accordingly, we do not conclude that the issue was previously litigated or waived. *See Commonwealth v. Collins*, 888 A.2d 564, 570, 573 (Pa. 2005) (holding that the term "issue" as used in Sections 9543(a)(3) and 9544(a)(2) concerning previously litigated and waived claims under the PCRA refers to the discrete legal ground that was asserted on direct appeal and would have entitled the defendant to relief; ineffectiveness claims are distinct

*(Footnote Continued Next Page)*

The Commonwealth counters that even if trial counsel had objected at the start of the trial, it would have sought to amend the information pursuant to Pa.R.Crim.P. 564 to include a charge of conspiracy to commit murder. Commonwealth's Brief at 10. The Commonwealth explains that at docket CP-51-CR-0014802-2010, Appellant was initially charged with more than one count of conspiracy; however, on the face of the criminal information, there was only one count of conspiracy, and, as noted above, it stated that the objective of the conspiracy was "robbery/assault." *Id.* at 17.[9] The Commonwealth concedes that although there was no evidence of a conspiracy to commit robbery, there was evidence of a conspiracy to commit murder. *Id.* The Commonwealth argues that trial counsel was aware of the conspiracy to commit murder charge, and Appellant suffered no unfair surprise. *Id.* at 18-19. Additionally, the Commonwealth concludes that trial counsel's failure to object in no way impacted Appellant's defense because Appellant's defense was based on misidentification. *Id.* at 20.

Our standard of review follows:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is

_____

from claims raised on direct appeal and must be treated as an independent claim of error).

[9] The record confirms that in the charges held for court on November 29, 2010, Appellant was charged with criminal conspiracy in addition to other charges as discussed herein. However, as noted above, in the criminal information, there was only a single count of conspiracy that listed the objective and overt act as robbery/assault. Information, CP-51-CR-0014802-2010, 12/10/10.

supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

In its opinion, the PCRA court opined that Appellant was "in effect" arguing that his counsel was ineffective for failing to object to an amendment to the information. PCRA Ct. Op., 6/16/20, at 5. The PCRA court then concluded that Appellant was not prejudiced by trial counsel's failure to object to the Commonwealth proceeding to trial on the charge of conspiracy to commit murder. *Id.* at 7.

After review, we are constrained to conclude that the PCRA court's conclusion is erroneous as the information was not actually amended. Moreover, the PCRA court does not address Appellant's claim of ineffectiveness relative to the jurisdictional issue that was created when the Commonwealth prosecuted Appellant for a crime for which he was not charged.

As noted, the Commonwealth prosecuted Appellant, and the trial court instructed the jury on the crime of conspiracy to commit murder, even though the only charge of conspiracy was quashed pre-trial. Information, 12/10/10; Order, 2/3/11. However, "[t]he law is clear . . . that a court is without jurisdiction to convict a defendant of a crime for which he was not charged, and a challenge to a court's subject matter jurisdiction is not waivable." *Commonwealth v. Serrano*, 61 A.3d 279, 287 (Pa. Super. 2013). In order to establish subject matter jurisdiction, the Commonwealth must:

> Confront the defendant with a formal and specific accusation of the crimes charged. This accusation enables the defendant to prepare any defenses available to him, and to protect himself against further prosecution for the same cause; it also enables the trial court to pass on the sufficiency of the facts alleged in the indictment or information to support a conviction. The right to formal notice of charges, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution, is so basic to the fairness of subsequent proceedings that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court.

*Id.* at 287 n.4 (some formatting altered, citation omitted).

"[A] criminal information satisfies the constitutional requirements, under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, that a defendant be given formal, specific notice of the charged crimes." *Commonwealth v. Nischan*, 928 A.2d 349, 356 (Pa. Super. 2007). Further, the criminal information "sets the stage for trial and what the Commonwealth intends to prove." *Commonwealth v. King*, 234 A.3d 549, 563 (Pa. 2020); *see generally* Pa.R.Crim.P. 560 (setting forth the requirements for the contents of a criminal information). Additionally, we are cognizant that a defendant may receive *de facto* notice of charges through other means, such as factual summaries included in the charging documents. *King*, 234 A.3d at 566.

Here, however, it is undisputed that the lone charge of conspiracy was quashed. Therefore, at the start of Appellant's trial, he was without actual or even *de facto* notice that he would be prosecuted for conspiracy to commit murder. The record reveals that first indication that Appellant received regarding a charge of conspiracy to commit murder occurred after the jury

- 11 -

was sworn and the trial began. N.T., 1/18/12, at 28. We conclude that because Appellant had no notice of a charge of conspiracy to commit murder, the trial court lacked subject matter jurisdiction to convict Appellant on this charge. **Serrano**, 61 A.3d at 287. Moreover, while the Commonwealth contends that if counsel had objected, it would have simply moved to amend the information, it is clear that the Commonwealth did not in fact amend the information.[10] Indeed, the trial court lacked subject matter jurisdiction to convict Appellant on the charge of conspiracy to commit murder. **Id.**; **see also Commonwealth v. Speller**, 458 A.2d 198, 204 (Pa. Super. 1983) (holding that the appellant could neither be tried for nor convicted of offenses

_____

[10] In its brief, the Commonwealth asserts that "even if trial counsel had raised the charging issue at the start of trial, the Commonwealth would merely have been permitted to file an amended information setting forth the conspiracy charge because it arose out of the same events and created no possibility of unfair surprise to the defense." Commonwealth's Brief at 18. However, the conspiracy charge was not brought to light until after the jury was sworn and the trial began. Additionally, even if the Commonwealth would have moved to amend the information after the trial began, we cannot conclude that the amended would have been mechanically or perfunctorily granted. **See Commonwealth v. Sinclair**, 897 A.2d 1218, 1221-23 (Pa. Super. 2006) (setting forth the factors for the trial court to consider when determining if amending the information is permissible); Pa.R.Crim. 564. The trial court quashed the charge of conspiracy; however, the notes of testimony reflect only that the trial court found "that there is no evidence [in] the notes of testimony indicating the motion to quash should not be granted as to the charge of conspiracy." N.T., 2/3/12, at 5. Accordingly, we are without the trial court's rationale for quashing the conspiracy charge, and we will not speculate on the outcome of a last minute motion to amend the information. Indeed, the Commonwealth's supposition regarding amending the information does not impede our conclusion that if trial counsel objected, there is a reasonable probability that the outcome of the proceeding would have been different. **Sandusky**, 203 A.3d at 1043-44.

not alleged in the information and vacating the judgment of sentence where the appellant was convicted of a crime that was not included in the information).

After review, we conclude that Appellant has satisfied the requirements for establishing ineffective assistance of counsel. **Sandusky**, 203 A.3d at 1043-44. There is arguable merit to Appellant's claim of ineffective assistance of counsel, and trial counsel did not state a strategic basis for failing to object to the prosecution of an offense that was quashed such that the trial court lacked subject matter jurisdiction. Moreover, we find that there is a reasonable probability that the outcome of the proceedings would have been different if trial counsel had objected to the Commonwealth proceeding on the conspiracy charge and objected to the trial court instructing the jury on that charge. Indeed, we conclude that if counsel objected, there is a reasonable probability Appellant would not have been convicted of conspiracy.[11, 12]

_____

[11] Although we conclude that the trial court lacked subject matter jurisdiction concerning the conspiracy to commit murder charge, the record included overwhelming evidence supporting the charges presented to the jury that convicted Appellant of shooting and injuring the victims. **See** N.T., 1/18/12, at 45-46, 52-53, and 80 (eyewitness testimony of Steven Alston identifying Appellant as the man holding a gun and shooting at people on the street); **see also** N.T., 1/19/12, at 14-15 (eyewitness testimony of Tamika Dennis an eyewitness and former schoolmate of Appellant who identified Appellant as the shooter); 52-53 (testimony from one of the victim's, Lourdes Carcamo, who recounted the shooting and the injuries that she and her daughter sustained).

[12] While we conclude that counsel's ineffectiveness necessitates the reversal of the PCRA court's order and requires us to vacate Appellant's conviction and
*(Footnote Continued Next Page)*

- 13 -

For the reasons set forth above, we conclude that Appellant has established that his trial counsel was ineffective for failing to object to the prosecution and jury instruction on the charge of conspiracy. Accordingly, we reverse the PCRA court's order, and we vacate Appellant's conviction and judgment of sentence for conspiracy.

Order reversed. Conviction and judgment of sentence for conspiracy vacated. Jurisdiction relinquished.

Judge Lazarus joins the memorandum.

Judge Musmanno concurs in the result.

---

judgment of sentence for conspiracy, our decision impacts only that conviction and judgment of sentence. As discussed above, our conclusion is based on the trial court's lack of jurisdiction on the conspiracy charge. However, even if trial counsel had objected to the prosecution and jury instruction relative to conspiracy, we cannot conclude that the result of Appellant's trial would have been different with respect to the remaining charges. The charges of attempted murder, aggravated assault, criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possessing an instrument of crime, and recklessly endangering another person, were properly set forth in the information, there is no question concerning subject matter jurisdiction on those charges, and the evidence of Appellant's guilt on those counts was overwhelming. Accordingly, the convictions and judgment of sentence for those crimes remain undisturbed. Furthermore, we conclude that we need not remand for resentencing. The record reflects that Appellant was sentenced to "no further penalty" on the conspiracy conviction. N.T., 5/22/12, at 20. Accordingly, we conclude that vacating the conviction and judgment of sentence on that count does not disturb the trial court's overall sentencing scheme. *See Commonwealth v. Carey*, 249 A.3d 1217, 1229 (Pa. Super. 2021) (declining to remand for resentencing where this Court's ruling did not disturb the trial court's sentencing scheme).

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2021