COMMONWEALTH of Pennsylvania

v.

**Lam NGUYEN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 14, 2003.

Filed Oct. 21, 2003.

Karl Baker and John Packel, Public Defenders, Philadelphia, for appellant.

Catherine L. Marshall and Hugh Burns, Asst. Dist. Attys., Philadelphia, for Com., appellee.

BEFORE: FORD ELLIOTT, LALLY-GREEN, and BECK, JJ.

OPINION BY FORD ELLIOTT, J.:

¶ 1 This is an appeal from the judgment of sentence entered on May 8, 2002 in the Court of Common Pleas of Philadelphia County. We affirm.

¶ 2 The facts of this case are straightforward. On September 19, 1998, an argument occurred concerning a restaurant bill at Café Diem amongst a group of men including appellant and the two victims. Appellant left the restaurant and returned with a gun. Appellant shot Dung Phan and Hao Nguyen. Appellant was later apprehended with a gun in his vehicle. (Notes of testimony, 3/27/02 at 34–35.) Appellant thereafter admitted the shootings to the police. (*Id.* at 38, 46.)

¶ 3 Following a bench trial, appellant was found guilty of two counts of aggravated assault, two counts of simple assault, two counts of recklessly endangering another person, violations of the Uniform Firearms Act, and possession of an instrument of crime. Appellant was sentenced to a concurrent mandatory term of five to ten years of incarceration for both the aggravated assault convictions, and a concurrent term of incarceration of two and one-half to five years for one weapons violation conviction. No additional penalties were imposed pursuant to appellant's remaining convictions.

¶ 4 At the sentencing hearing on May 8, 2002, before the Honorable Anthony DeFino, appellant's "Motion to Bar Application Of Mandatory Minimum Sentence Statute Because It Is Unconstitutional" was denied. Appellant's motion argued that 42 Pa.C.S.A § 9712 ("§ 9712"), requiring a mandatory minimum sentence for crimes committed with a firearm, was facially unconstitutional. In a footnote in his motion, appellant asserts that § 9712 is unconstitutional under both the due process clauses of the United States Constitution, Amendment XIV and the Pennsylvania Constitution, Article I Sections 6 and 9 (Trial by Jury and Rights of Accused in Criminal Prosecution). Appellant was sentenced pursuant to § 9712.

¶ 5 Appellant filed a timely notice of appeal on May 16, 2002. Pursuant to the trial court's request, appellant filed a 1925(b) statement on June 19, 2002, that asserted federal and state constitutional due process protection and the right to a jury trial under the Pennsylvania Constitution.[1]

¶ 6 In his brief on appeal, appellant asserts only his state constitutional claim and argues that § 9712 has never been examined to determine if it violates the Pennsylvania constitution. Appellant's issue on appeal is as follows:

THE IMPOSITION OF A MANDATORY MINIMUM SENTENCE PURSUANT TO 42 PA.C.S. § 9712 (SENTENCES FOR OFFENSES COMMITTED WITH FIREARMS) IN THE INSTANT CASE WAS IM-

---

1. Appellant's June 19th 1925(b) statement and motion argued in substance that mandatory minimum sentencing statutes, such as § 9712, increase the severity range of penalties and are subject to due process protections as articulated in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The United States Supreme Court, however, held in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), that where a sentencing statute requires a mandatory minimum sentence that does not extend sentence beyond the statutory maximum, the fact that triggers the mandatory provision is not an element of the offense and does not have to be pleaded and proved to a jury beyond a reasonable doubt. In *Harris,* the defendant failed to persuade the Court that the mandatory sentencing aspect of the federal statute at issue violated the federal constitution under *Apprendi* because it did not require specific pleading and proof of the sentencing trigger.

PROPER AS THE MANDATORY MINIMUM SENTENCING STATUTE IS UNCONSTITUTIONAL ON ITS FACE, VIOLATING STATE CONSTITUTIONAL PROTECTIONS, BECAUSE IT IS TRIGGERED BY NOTICE GIVEN AFTER CONVICTION AND APPLIED BY A SENTENCING JUDGE MAKING FACTUAL DETERMINATIONS BY A PREPONDERANCE OF EVIDENCE, WHEREAS THE PENNSYLVANIA CONSTITUTION REQUIRES ADEQUATE PRE-TRIAL NOTICE, RIGHT TO TRIAL BY JURY FOR OFFENSE-RELATED FACTS TRIGGERING A MANDATORY MINIMUM SENTENCE AND THE APPLICATION OF THE 'BEYOND A REASONABLE DOUBT' STANDARD OF PROOF BY THE FACTFINDER FOR NECESSARY FACTUAL DETERMINATIONS.

Appellant's brief at 15.

¶ 7 Preliminarily, there is a strong presumption that legislative enactments are constitutional. *Commonwealth v. Barud,* 545 Pa. 297, 304, 681 A.2d 162, 165 (1996). For an act to be declared unconstitutional, appellant must prove that the act "clearly, palpably and plainly" violates the constitution. *Id.* (citation omitted). All doubts are to be resolved in favor of sustaining a statute; thus an appellant has the heavy burden of persuasion when challenging the constitutionality of a statute. *Pennsylvania School Boards Association, Inc. v. Commonwealth Association of School Administrators,* 569 Pa. 436, 443, 805 A.2d 476, 479 (2002).

¶ 8 We note that appellant did not develop his state constitutional claim before the trial court prior to his appeal pursuant to the standard set forth in *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991).[2] Nevertheless, appellant's failure to engage in an *Edmunds* analysis does not result in a waiver of his state constitutional claim. *Commonwealth v. Arroyo,* 555 Pa. 125, 134 n. 6, 723 A.2d 162, 166 n. 6 (1999).

¶ 9 Appellant frames his one issue in three parts. The first part asserts that § 9712 violates his state constitutional right to trial by jury for offense-related facts triggering a mandatory minimum sentence. (Appellant's brief at 19.) The right to a jury trial is an important right to all citizens of this Commonwealth. That right, however, has not been hampered or violated here. Appellate case law has routinely held that the sentencing trigger is not an element of the offense but rather only a factor that does not improperly deny the jury the right to make relevant factual determinations. *See Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), *affirmed sub nom McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); *Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172 (1986); *Commonwealth v. Cannon,* 508 Pa. 22, 493 A.2d 1356 (1985); *Commonwealth v. Irving,* 347 Pa.Super. 349, 500 A.2d 868 (1985); *Commonwealth v. Anderson,* 345 Pa.Super. 407, 498 A.2d 887 (1985). Although the aforementioned cases analyzed § 9712 under the federal constitution, those cases nevertheless held that § 9712 does not require proving the fact of visible

---

**2.** The general rule is that litigants brief and analyze the following four factors to aid courts in reviewing state constitutional issues: 1) text of Pennsylvania constitutional provision; 2) history of the provision, including Pennsylvania case law; 3) related case law from other states; 4) policy considerations, including unique issues of state and local concern, and applicability within modern Pennsylvania jurisprudence. *Edmunds, supra* at 390, 586 A.2d at 895.

possession of a firearm beyond a reasonable doubt and that the sentencing trigger is not an element of the offense.[3]

¶ 10 For instance, the United States Supreme Court stated in *McMillan:*

The Pennsylvania Legislature did not change the definition of any existing offense. It simply took one factor that has always been considered by sentencing courts to bear on punishment—the instrumentality used in committing a violent felony—and dictated the precise weight to be given that factor if the instrumentality is a firearm. Pennsylvania's decision to do so has not transformed against its will a sentencing factor into an 'element' of some hypothetical 'offense.'

*McMillan,* 477 U.S. at 89–90, 106 S.Ct. 2411. The Court goes on to explain that § 9712 does not violate the petitioner's Sixth Amendment right to a trial by jury because "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact." *Id.,* 477 U.S. at 93, 106 S.Ct. 2411.

¶ 11 The same analysis applies here. There is no right to jury sentencing found in the Pennsylvania Constitution. This court also has repeatedly held that the sentencing court lacks discretion and must apply § 9712's mandatory minimum sentence for a crime of violence committed with a firearm. *Commonwealth v. Chiari,* 741 A.2d 770, 776 (Pa.Super.1999); *Commonwealth v. Morgan,* 425 Pa.Super. 344, 625 A.2d 80, 85 (1993). Moreover, appellant waived his right to a jury trial and proceeded before Judge DeFino who was also the sentencing judge. *Commonwealth v. Kirkland,* 413 Pa. 48, 53, 195 A.2d 338, 340 (1963) (a criminal defendant has the right to waive a trial by jury). Judge DeFino heard all the evidence in this case, just as a jury would have, that included the evidence that appellant used a firearm to commit these crimes.

¶ 12 Since the question of § 9712's sentencing trigger has been widely addressed and found to be a sentencing factor that must be applied by the court rather than an element of the offense, we find appellant was not deprived of his right to a jury trial under the Pennsylvania Constitution and his claim is without merit.

■ ¶ 13 The next part of appellant's claim is that § 9712's preponderance of the evidence standard for judicial determination of the use of a firearm violates our constitution's due process clause. (Appellant's brief at 29.) Pennsylvania's Constitution as it relates to due process guarantees, however, affords no greater protection than the United States Constitution. *Commonwealth v. Lindenmuth,* 381 Pa.Super. 398, 554 A.2d 62, 64 (1989). As both appellant and the Commonwealth are aware, the preponderance of the evidence standard of § 9712 does not violate the due process clause of the federal constitution. *Wright; McMillan, supra; Commonwealth v. Allen,* 508 Pa. 114, 118, 494 A.2d 1067, 1070 (1985). Therefore this argument lacks merit.

■ ¶ 14 Lastly, the third part of appellant's claim involves the notice aspect of

---

**3.** We cannot hold that the issue raised by appellant here on appeal was not considered by the trial court since our constitution is representative of the federal constitution. The trial court also notes in its opinion that "the application of mandatory minimum sentences has been upheld to be constitutional under both the state and federal constitu-

tions." (Trial court opinion, 10/8/02 at 2.) *Commonwealth v. Matos,* 543 Pa. 449, 459 n. 7, 672 A.2d 769, 774 n. 7 (1996) (nothing can be discerned from the court's failure to note specifically that Pennsylvania constitutional rights were also being considered when examining the federal constitution's Fourth Amendment).

§ 9712 and its alleged violation of Pennsylvania's Constitution. (Appellant's brief at 44.) "It is a fundamental principle of constitutional law that a challenge to a statute may not be raised in the abstract but must find its basis in an injury to the party seeking to have the enactment declared constitutionally infirm." *Commonwealth v. Bell,* 512 Pa. 334, 342–343, 516 A.2d 1172, 1177 (1986). In *Bell,* our supreme court held that pre-trial notice of the Commonwealth's intention to seek the mandatory minimum sentence pursuant to § 9712 presented the court with no conceivable basis to support a challenge on due process grounds and the post-conviction notice also met the requirements of due process. *Id.; see also Commonwealth v. Bannister,* 345 Pa.Super. 178, 497 A.2d 1362, 1365 (1985) ("one who is unharmed by a particular feature of a statute will not be heard to complain of its alleged unconstitutionality[ ]").

¶ 15 Here, appellant was not harmed by the notice requirement of § 9712. Appellant confessed to the shootings when apprehended by the police and stipulated to the entry of his admission and crime scene evidence at trial. Appellant testified to the shootings at trial, as did one of the victims. Although § 9712's mandatory minimum is not an element of an offense, and § 9712 only requires notice prior to sentencing, appellant was given notice prior to trial that the Commonwealth would proceed under the mandatory minimum sentence if convicted. Appellant was also given notice prior to sentencing. Therefore, appellant lacks standing on this claim.

¶ 16 Judgment of sentence affirmed.