COMMONWEALTH of Pennsylvania,
Appellee,

v.

Samuel GREEN, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 12, 2004.
Filed April 30, 2004.

John Packel, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: JOYCE, OLSZEWSKI, and JOHNSON, JJ.

JOHNSON, J.

¶ 1 Samuel Green challenges his Judgment of Sentence of three to six years' incarceration followed by two years' probation under the applicable mandatory minimum statute, 18 Pa.C.S. § 7508, for possessing a controlled substance with intent to deliver, *see* 35 P.S. § 780–113(a)(30), and simple possession of a controlled substance, *see* 35 P.S. § 780–113(a)(16). *See also* 35 P.S. § 780–113(f)(1.1) (providing a maximum penalty of ten years' imprisonment and a maximum fine of $100,000 for a violation of § 780–113(a)(30) involving Phencyclidine). He contends that § 7508 offends the Pennsylvania Constitution. We find Green's arguments unavailing, and affirm his Judgment of Sentence.

¶ 2 At approximately 6 P.M. on August 28, 1999, a plainclothes officer and his partner observed Green accept currency from a black male, walk to a nearby stoop, and bend down and withdraw from a brown paper bag at least one small object. Green replaced the bag next to the steps, returned to where the black male was standing and handed him the object withdrawn from the bag. Based on these observations, the officers detained Green, retrieved the brown paper bag, and found within it a clear plastic bag containing twenty-four glass jars later found to contain phencyclidine (PCP). At the police station, a more thorough search of Green's person revealed four packets of crack cocaine and $72 in currency.

¶ 3 Green was arrested and charged with possessing a controlled substance with intent to deliver and simple possession. Green waived his right to a jury trial, and on March 1, 2002, appeared for trial. At trial, the arresting officer testified to the above account of the events in question. Green testified, as well, admitting that he was on the corner and claiming that he had, in fact, purchased four packets of crack cocaine from a seller who had fled at the approach of police. He also testified that he used cocaine approximately every other day. Green was convicted on both counts.

¶ 4 On May 10, 2002, Green filed as part of an omnibus supplemental motion a Motion to Bar Application of the Mandatory Minimum Sentence Statute on Grounds That the Statute is Facially Unconstitutional, Invalid and Inapplicable. A sentencing proceeding was held on May 22, 2002. At that hearing, Green presented evidence tending to show that he was dependent on narcotics. In so doing, he sought to have a fraction of the drugs apportioned to personal use under *Commonwealth v. Carroll,* 438 Pa.Super. 55, 651 A.2d 171 (1994), such that the remaining fraction of the total drugs recovered, ostensibly intended for distribution, would comprise less weight than required to incur application of the mandatory minimum provision found in 18 Pa.C.S. § 7508. The court denied Green's constitutional challenge to the mandatory minimum statute, declined to apportion the drugs confiscated from Green, and accordingly imposed the mandatory sentence prescribed by 18 Pa. C.S. § 7508.

¶ 5 Green timely filed a notice of appeal, and the trial court ordered him to file a statement of matters complained of on appeal pursuant to Pa.R.A.P.1925. This statement, too, was timely filed. The trial court filed its responsive Opinion on May 13, 2003, and now Green appeals, presenting the following question for our review:

Was not the imposition of a mandatory minimum sentence pursuant to 18 Pa. C.S. § 7508 ... in the instant case improper as the mandatory minimum sentencing statute is unconstitutional on its face, violating the due process, jury trial, and notice requirements of the Pennsylvania Constitution, Article I, § 6 and § 9, because it is triggered by notice

given after conviction and applied by a sentencing judge making factual determinations by a preponderance of evidence, whereas the Pennsylvania Constitution requires adequate pre-trial notice, right to trial by jury for offense-related facts triggering a mandatory minimum sentence and the application of the "beyond a reasonable doubt" standard of proof by the trial factfinder for necessary factual determinations?

Brief for Appellant at 3.

¶ 6 Green's argument that 18 Pa.C.S. § 7508 violates the Pennsylvania Constitution proceeds along three paths. Before fully taking up our discussion of the merits of Green's arguments, we pause to commend both parties for scrupulously arguing the issues presented in the instant case, consistently with our Supreme Court's suggestions regarding presentation of Pennsylvania constitutional questions on appeal. *See Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991). Only rarely do we have the privilege of entertaining such eloquent and thorough discussions. The quality of the briefs before us, however, cannot override our determination that, in effect, we already have decided conclusively the questions before us. Thus, our discussion need not probe nearly so deeply as Green might prefer.

¶ 7 The statute mandating specified minimum sentences in certain controlled substance cases provides, in relevant part:

§ 7508. **Drug trafficking sentencing and penalties**

(a) **General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\*　　\*　　\*　　\*　　\*　　\*

(4) A person who is convicted of violating section 13(a)(14), (30) or (37) of the Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is methamphetamine or phencyclidine or is a salt, isomer or salt of an isomer of methamphetamine or phencyclidine or is a mixture containing methamphetamine or phencyclidine, containing a salt of methamphetamine or phencyclidine, containing an isomer of methamphetamine or phencyclidine, containing a salt of an isomer of methamphetamine or phencyclidine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least five grams and less than ten grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity

. . . .

\*　　\*　　\*　　\*　　\*　　\*

(b) **Proof of sentencing.**—Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) **Mandatory sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable a lesser sentence than provided for herein or to place the

offender on probation, parole, work release or prerelease or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than provided herein. . . .

18 Pa.C.S. § 7508. Green challenges this section under the Pennsylvania Constitution on grounds that he is entitled to a jury determination by proof beyond a reasonable doubt of facts triggering a mandatory minimum sentence under this section, instead of a court determination by a preponderance of the evidence of these facts as provided by § 7508(b). Green also maintains that § 7508(b)'s preponderance of the evidence standard violates Pennsylvania constitutional due process protections.

 ¶ 8 "Generally, sentencing courts are vested with great discretion and this Court will not vacate a sentence unless an abuse of that discretion occurs." *Commonwealth v. Lawson*, 448 Pa.Super. 445, 671 A.2d 1161, 1164–65 (1996). Moreover,

> there is a strong presumption that legislative enactments are constitutional. For an act to be declared unconstitutional, appellant must prove that the act clearly, palpably and plainly violates the constitution. All doubts are to be resolved in favor of sustaining a statute; thus an appellant has the heavy burden of persuasion when challenging the constitutionality of a statute.

*Commonwealth v. Nguyen*, 834 A.2d 1205, 1208 (Pa.Super.2003) (internal quotation marks and citations omitted).

 ¶ 9 With his first argument, Green contends that "There Is A State Constitutional Right To Trial By Jury For Offense–Related Facts Triggering A Mandatory Minimum Sentence." Brief for Appellant at 18 (underscoring omitted). Although Green acknowledges that the appellate courts of this Commonwealth "have rejected claims that factual deter-

minations triggering applicability of a mandatory minimum sentencing statute must be made by a jury," he contends that "these cases have not independently analyzed the right to trial by jury under the Pennsylvania Constitution, Article 1, § 6 and § 9." Brief for Appellant at 18. He fails, however, to address this Court's recent decision in *Nguyen*, which we find more than adequately refutes Green's claim that the Pennsylvania Constitution creates a more sweeping right to trial by jury than the United States Constitution.

¶ 10 In *Nguyen*, appellant challenged the application of the mandatory minimum sentence required by 42 Pa.C.S. § 9712 (**Sentences for offenses committed with firearms**), on the basis that § 9712 was unconstitutional under both the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, §§ 6 and 9 of the Pennsylvania Constitution. Appellant, however, ultimately briefed and argued only his challenge under the Pennsylvania Constitution. This change of course was effectively forced by the United States Supreme Court's decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (holding, under the United States Constitution, that a statute requiring imposition of a mandatory minimum sentence does not require a finding of its triggering fact(s) by a jury beyond a reasonable doubt). In *Nguyen* we rejected precisely the arguments Green makes now.

¶ 11 Although § 9712 is found in Title 42 (Sentencing), we note preliminarily that its provisions regarding proof are substantially identical to the provisions of 18 Pa.C.S. § 7508 challenged herein. Relevantly, § 9712 provides

> (b) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to

conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.

¶ 12 In ascertaining the intention of the General Assembly, we may presume "[t]hat when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language." 1 Pa.C.S. § 1922(4); *see Commonwealth v. Ullman*, 204 Pa.Super. 145, 203 A.2d 386, 388 (1964) (citing, *inter alia, Commonwealth v. Sitkin's Junk Co.*, 412 Pa. 132, 194 A.2d 199 (1963)). Section 9712's provisions requiring the trial judge to determine the presence of facts triggering application of a mandatory minimum sentence was found constitutional by the United States Supreme Court in *McMillan v. Pennsylvania*, 477 U.S. 79, 93, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). Moreover, *Harris*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524, made clear that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (requiring jury determination beyond a reasonable doubt of factual findings requiring a sentence in excess of the statutory maximum for the underlying crime), in no way changed the result in *McMillan*.

¶ 13 Section 9712 last was amended October 11, 1995. *See* P.L. 1058, No. 21 (Spec.Sess. No. 1), § 3. Section 7508, by contrast, last was amended July 10, 2003. *See* P.L. 10, No. 4, § 1. Courts of last resort having exhaustively construed § 9712, we conclude that the General Assembly not only has been aware of, but has opted to maintain, the virtual identity of the language in §§ 7508(b) and 9712(b) concerning "Proof of sentencing" to ensure that such construction applies to the newer mandatory minimum sentencing provision found in § 7508.

¶ 14 Returning now to *Nguyen*, appellant first challenged § 9712 as violative of his Commonwealth constitutional right to trial by jury for offense-related facts. We noted that Pennsylvania courts have "routinely held that the sentencing trigger is not an element of the offense but rather only a factor that does not improperly deny the jury the right to make relevant factual determinations." *Nguyen*, 834 A.2d at 1208 (citing six cases). Citing the United States Supreme Court's approval of § 9712, *see McMillan*, 477 U.S. at 93, 106 S.Ct. 2411, we emphasized the Court's ruling under the federal constitution that "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact." *Nguyen*, 834 A.2d at 1209. We applied the same analysis in *Nguyen*, holding that "[t]here is no right to jury sentencing found in the Pennsylvania Constitution." *Id.* (emphasis added). We concluded that " § 9712's sentencing trigger has been widely addressed and found to be a sentencing factor ... rather than an element of the offense," and accordingly we found that "appellant was not deprived of his right to a jury trial under the Pennsylvania Constitution ...." *Id.*

¶ 15 We also observed in *Nguyen* that appellant waived his right to a jury trial and had his charges tried before the same judge who ultimately sentenced him. *See id.* Although we did not rule on that basis, our observation there applies equally here: Green does not convincingly argue

that his waiver of his right to a jury trial should not also apply to sentencing, even if we were to find that our constitution required a jury hearing as to sentencing factors. *Cf. Commonwealth v. Golinsky,* 426 Pa.Super. 319, 626 A.2d 1224, 1227–28 (1993) (declining to require that defendant have knowledge of possible mandatory sentence under § 7508 in order to find waiver of jury trial voluntary).

¶ 16 Green notes that

> There are different ways of increasing punishment for a criminal offense. One way is to extend the permissible statutory maximum (enlarging the judge's "up side" sentencing range). Another way is to require a mandatory minimum sentence (contracting the judge's "down side" sentencing range). These are two sides of the same coin, and facts triggering either should warrant the same jury trial protections.

Brief for Appellant at 28. Cases like *Nguyen,* having plainly upheld contractions of a judge's "down side" sentencing discretion, require nothing of the sort. *See Commonwealth v. Ryerson,* 817 A.2d 510, 516–17 (Pa.Super.2003) (holding that a jury need not make a finding as to the fact triggering mandatory minimum sentence where the mandatory minimum sentence did not exceed the statutory maximum sentence for the underlying offense). Sections 9712(b) and 7508(b) achieve the same end (establishing procedural requirements for imposition of mandatory minimum sentences), and use the same language regarding "Proof of sentencing." Neither Green, nor our own research, has provided any reason for us to interpret these parallel sections divergently. Thus, we find caselaw upholding § 9712 against challenges identical to the challenges before us conclusive as to the instant case. *Nguyen* governs, and holds that the procedure set forth in 42 Pa.C.S. § 9712(b) does not offend the right to trial by jury enshrined in the Pennsylvania Constitution, Article I, §§ 6 and 9. Consequently, we reject this aspect of Green's appeal.

 ¶ 17 With his second argument, Green contends that "The State Constitutional Due Process Clause Requires Proof By More Than A Preponderance Of Evidence For Offense–Related Factual Determinations Triggering a Mandatory Minimum Sentence." Brief for Appellant at 30 (underscoring omitted). Once again, Green fails crucially to address this Court's decision in *Nguyen;* once again, we find that case's reasoning apposite and compelling.

¶ 18 In *Nguyen,* in response to appellant's due process challenge under the Pennsylvania Constitution, we began by noting that "Pennsylvania's Constitution as it relates to due process guarantees ... affords *no greater protection than the United States Constitution.*" 834 A.2d at 1209 (emphasis added); *see Commonwealth v. Snyder,* 552 Pa. 44, 713 A.2d 596, 602 (1998) ("[W]e have held that the phrase 'law of the land' in the due process clause of the Pennsylvania Constitution has the same meaning as the due process language in the United States Constitution."). Next, we observed, "As both appellant and the Commonwealth are aware, the preponderance of the evidence standard of § 9712 does not violate the due process clause of the federal constitution." *Nguyen,* 834 A.2d at 1209 (citing *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985), *affirmed sub nom McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); *Commonwealth v. Allen,* 508 Pa. 114, 494 A.2d 1067 (1985)). Thus, we denied that challenge with little discussion. We already have noted the absence of principled distinction between those triggering facts necessary to incur a mandatory minimum sentence under § 9712 and those triggering facts necessary to incur a mandatory minimum sen-

tence under § 7508. Moreover, we cannot depart from our Supreme Court's clear language finding that the due process protections of the Pennsylvania Constitution extend no further than those of the United States Constitution. We cannot ignore the clear language of *Snyder* anymore than we can ignore the United States Supreme Court's disposition of *McMillan* and the symmetry between §§ 9712(b) and 7508(b). Therefore, we must reject Green's due process challenge under the Pennsylvania Constitution.

■ ¶ 19 In Green's third challenge, he contends that " § 7508 Fails To Provide Adequate Notice In Violation of the Pennsylvania Constitution." Brief for Appellant at 45 (underscoring omitted). Green's argument on this point concludes with the statement that "[t]he Pennsylvania Constitution requires adequate pre-trial notice of this aggravated offense in the charging document." Brief for Appellant at 46 (citing *Commonwealth v. Komatowski*, 347 Pa. 445, 32 A.2d 905 (1943); *Commonwealth v. Hoffman*, 406 Pa.Super. 583, 594 A.2d 772 (1991); *Commonwealth v. Speller*, 311 Pa.Super. 569, 458 A.2d 198 (1983)). The Commonwealth, however, plainly notified Green that it intended to seek a mandatory minimum sentence under § 7508 prior to trial. Its Bill of Information expressly provided that "NOTICE IS HEREBY GIVEN THAT SHOULD THE DEFENDANT BE CONVICTED UNDER 35 P.S. 780–113(A)(30), THE COMMONWEALTH WILL PROCCED UNDER 18 PA.C.S. 7508 (CONCERNING DRUG TRAFFICKING SENTENCING AND PENALTIES) AND SEEK IMPOSITION OF A SENTENCE IN ACCORDANCE THEREWITH[.]" Information, 11/6/00, ¶ 3. In *Nguyen*, we noted that "a challenge to a statute may not be raised in the abstract but must find its basis in an injury to the party seeking to have the enactment declared constitutionally infirm." 834 A.2d at 1210 (internal

quotation marks omitted). There, in considering the appellant's challenge under the Pennsylvania Constitution to the notice provisions of § 9712, we found that the furnishing to him of pre-trial notice denied him standing to challenge the constitutionality of § 9712's requirement of notice after conviction but prior to sentencing.

¶ 20 In this connection as well, Green fails to articulate a principled basis on which we might distinguish § 9712(b) from § 7508(b) for present purposes, thus once again we find *Nguyen* binding. Moreover, even if we were to rule that under the Pennsylvania Constitution the Commonwealth must furnish "adequate" pre-trial notice of its intent to seek a mandatory minimum sentence under § 7508, Green neither disputes that he received pre-trial notice nor argues how that notice was "inadequate." Consequently, Green would not be entitled to relief in any case. Green's argument does not "find its basis in an injury" to him, *Nguyen*, 834 A.2d at 1210, thus he lacks standing to challenge the notice requirements of § 7508. *See Commonwealth v. Vasquez*, 560 Pa. 381, 744 A.2d 1280, 1283 (2000) ("When the Commonwealth gives reasonable notice that it intends to invoke Section 7508, it provides notice of its intent to seek a punishment that encapsulates all relevant provisions set forth in that section."). We therefore decline to reach the merits of this issue.

¶ 21 For all the foregoing reasons, we must affirm the trial court's rejection of Green's challenges under the Pennsylvania Constitution, Article I, §§ 6, 9, to 18 Pa. C.S. § 7508 and consequently we affirm that court's judgment of sentence.

¶ 22 Judgment of Sentence AFFIRMED.