**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Paul Robert LITTLEHALES,**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 10, 2006.

Filed Jan. 5, 2007.

BEFORE: JOYCE, LALLY–GREEN, and TAMILIA, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Paul Robert Littlehales, appeals from the judgment of sentence entered on April 6, 2006. We vacate and remand.

¶ 2 The procedural history of the case is as follows. On April 5, 2006, Appellant pled *nolo contendere* to four counts of theft by deception and two counts of conspiracy to commit theft by deception. The charges arose from allegations that Appellant took money from elderly people under false pretenses.[1] On April 6, 2006, the trial court imposed an aggregate prison term of one to two years pursuant to the "discretionary mandatory minimum" provision in 42 Pa.C.S.A. § 9717(a). Appellant filed post-sentence motions which were denied on April 20, 2006. This appeal followed.[2]

¶ 3 Appellant raises one issue on appeal: Did the sentencing court abuse its discretion when it imposed the discretionary mandatory provided by 42 Pa.C.S.A. § 9717 and entered an unreasonable sentence of one to two years when the sentencing court did not provide a sufficient written statement for deviating from the sentencing guidelines' standard range, thereby violating the norms underlying sentencing?

Appellant's Brief at 5.

¶ 4 Appellant argues that the trial court abused its discretion by applying § 9717(a). We begin with the statute it-

Andrea E. Mertz, Reading, for appellant.

Jonathan H. Kurland, Asst. Dist. Atty., Reading, for the Com., appellee.

---

1. For example, the Commonwealth alleged that Appellant approached 82–year–old Jeanne Michewicz and asked her for $60.00 for maintenance on his vehicle. In fact, the vehicle did not need repairs, and Appellant did not repay the victim.

2. On May 9, 2006, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Appellant filed a timely concise statement, raising the issue that he now raises on appeal. The trial court issued a Rule 1925 opinion on June 5, 2006.

self. Section 9717(a) sets forth mandatory minimum sentences for certain offenses against the elderly, as follows:

§ **9717. Sentences for offenses against elderly persons**

(a) MANDATORY SENTENCE.—A person under 60 years of age convicted of the following offenses when the victim is over 60 years of age and not a police officer shall be sentenced to a mandatory term of imprisonment as follows:

18 Pa.C.S. § 2702(a)(1) and (4) (relating to aggravated assault)—not less than two years.

18 Pa.C.S. § 3121 (relating to rape)—not less than five years.

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse)—not less than five years.

18 Pa.C.S. § 3922 (relating to theft by deception)—not less than 12 months, **but the imposition of the minimum sentence shall be discretionary with the court where the court finds justifiable cause and that finding is written in the opinion.**

42 Pa.C.S.A. § 9717(a) (emphasis added).

¶ 5 Ordinarily, a challenge to the application of a mandatory minimum sentence is a non-waivable challenge to the legality of the sentence. *See Commonwealth v. Jacobs*, 900 A.2d 368 (Pa.Super.2006) *(en banc)*.[3] This is so because, by statute, courts have no authority to avoid imposing the mandatory minimum, assuming certain factual predicates apply. *See id.*

¶ 6 Section 9717(a), as it applies specifically to theft by deception, is different. This provision explicitly states that imposition of the "mandatory" minimum is, in fact, **discretionary** with the court. Moreover, it is imposed not upon any specific finding of fact,[4] but rather upon a generalized, discretionary finding of "justifiable cause." Thus, we hold that Appellant raises a challenge to the discretionary aspects of the sentence. We will now examine the sentence in that light.

¶ 7 In order to challenge a discretionary aspect of a sentence, the defendant must first raise that claim at the sentencing hearing or in post-sentence motions. Pa. R.A.P. 302(a); *Commonwealth v. Dodge*, 859 A.2d 771 (Pa.Super.2004), *appeal denied*, 584 Pa. 672, 880 A.2d 1236 (2005).

---

**3.** We note *sua sponte* that under the facts of this case, § 9717(a) does not lead to an illegal sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). An *Apprendi* violation would arise if the court's finding of "justifiable cause" increased the sentence beyond what would otherwise be the statutory **maximum**. *See Commonwealth v. Kearns*, 907 A.2d 649 (Pa.Super.2006); *Commonwealth v. Johnson*, 910 A.2d 60 (Pa.Super.2006). Because § 9717(a) imposes a mandatory **minimum** sentence of one year, and the statutory maximum for theft by deception graded as a second-degree misdemeanor is two years, we see no *Apprendi* violation. *See Commonwealth v. Kleinicke*, 895 A.2d 562 (Pa.Super.2006) *(en banc)*; *Commonwealth v. Mitchell*, 883 A.2d 1096 (Pa.Super.2005); 18 Pa.C.S.A. § 3903(b)(1) (theft of between $50.00 and $200.00 is graded as a second-degree misde-

meanor, where the property was not taken by threat or breach of fiduciary obligation); 18 Pa.C.S.A. § 106(b)(7) (statutory maximum for second-degree misdemeanors is two years). We do note, however, that theft by deception where the amount involved is less than $50.00 is a third-degree misdemeanor, with a statutory maximum of only one year. 18 Pa. C.S.A. §§ 3903(b)(2); 106(b)(8).

**4.** *Compare Commonwealth v. Ausberry*, 891 A.2d 752 (Pa.Super.2006), *appeal denied*, 588 Pa. 746, 902 A.2d 1238 (2006) (mandatory minimum triggered by a finding that the defendant committed previous crimes of violence); *Commonwealth v. Green*, 849 A.2d 1247 (Pa.Super.2004) (mandatory minimum triggered by a finding that the defendant possessed a certain quantity of drugs).

The record reflects that Appellant raised this issue in post-sentence motions. Thus, the issue is preserved on appeal.

¶ 8 Next, the defendant must include, as a separate section of his appellate brief, a concise statement of reasons relied upon for allowance of appeal pursuant to Pa. R.A.P. 2119(f). *Dodge.* This statement must raise a substantial question that the sentence violates a fundamental norm underlying the Sentencing Code. *Id.* Here, Appellant argues that the court imposed an excessive sentence, outside the sentencing guidelines, without providing adequate reasons in the form of a "justifiable cause" opinion. This raises a substantial question. *See Commonwealth v. Twitty,* 876 A.2d 433, 439 (Pa.Super.2005) (a defendant raises a substantial question by claiming that the court sentenced the defendant outside the guidelines without stating adequate reasons), *appeal denied,* 586 Pa. 749, 892 A.2d 823 (2005).

 ¶ 9 Thus, we turn to the merits. Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised

its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin,* 892 A.2d 843, 847 (Pa.Super.2006) (citation omitted).

¶ 10 We note even though § 9717 was drafted in 1982, its application to theft by deception appears to be an issue of first impression for Pennsylvania appellate courts. Reading the statute's plain language, we determine that the mandatory minimum applies only if two conditions are met. First, the sentencing court must determine that "justifiable cause" exists **to impose** the sentence. The statute, as written, does not make the mandatory minimum sentence the default option. If that were true, the statute would provide that the mandatory minimum must be imposed unless the court finds good cause **not** to impose it. Instead, the statute provides that the minimum applies, in the court's discretion, where **"the court finds justifiable cause and that finding is written in the opinion."** 42 Pa.C.S.A. § 9717(a) (emphasis added).[5]

¶ 11 Second, the court must make a finding of justifiable cause "written in the opinion." Unfortunately, the statute does not specify what type of opinion is required. We do note that our Courts have long rejected a requirement that sentencing courts provide a contemporaneous **written** statement of the reasons for devi-

**5.** Our esteemed colleague, Judge Joyce, reasons that the statute is ambiguous because it could be read "to require the imposition of a minimum sentence of 12 months unless the court finds justifiable cause to impose a **lesser** sentence, and explains **that** finding in a written opinion." Concurring and Dissenting Opinion at 2. Judge Joyce correctly notes that where an ambiguity exists in a penal statute, that ambiguity should be construed in the defendant's favor. *Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185, 189 (2005). In our view, an interpretation where a mandato-

ry minimum sentence is **not** the default is more favorable to the accused than our colleague's interpretation, where a mandatory minimum **is** the default. This is particularly true because the standard sentencing guidelines range for a second-degree misdemeanor (prior record score 0) is restorative sanctions. 202 Pa.Code § 303.16. Thus, we would arrive at the same result even if we were to determine that the statute is ambiguous. In any event, we wholeheartedly agree with Judge Joyce that the Legislature should revisit the statute and revise it if necessary.

ating from the sentencing guidelines, even though the Sentencing Code appears to explicitly require such a written statement. *Commonwealth v. Marts,* 889 A.2d 608, 611 (Pa.Super.2005), *citing Commonwealth v. Canfield,* 432 Pa.Super. 496, 639 A.2d 46, 49 (1994); *see also Commonwealth v. Royer,* 328 Pa.Super. 60, 476 A.2d 453 (1984). Rather, contemporary sentencing practice requires only that the court **state on the record,** in the defendant's presence at sentencing, the reasons for the deviation. *Marts; Canfield; Royer.* Similarly, and in keeping with modern case law, we hold that a court satisfies the requirement of a written "justifiable cause" opinion if it states on the record, in the defendant's presence during sentencing, its determination of justifiable cause and the factual findings underlying that determination.

¶ 12 In the instant case, the sentencing hearing reflects that the trial court erroneously believed that the mandatory minimum sentence was the default option:

> THE COURT: Very well. Mr. Littlehales, looking at the statute that our legislature enacted **I don't see that I have a choice.** The statute indicates, although it doesn't specifically define that, I must find—I will get to the exact language—**justifiable cause to not follow the mandatory.**

N.T., 4/6/2006, at 17 (emphasis added). Moreover, the record does not reflect that the court stated any contemporaneous reasons on the record supporting a finding of "justifiable cause."[6] Thus, we are constrained to conclude that the trial court abused its discretion by misapplying the law. We therefore vacate the judgment of sentence, and remand for further proceedings. On remand, the court is free to impose, or not impose, the enhanced minimum, so long as the court does so in a manner consistent with this Opinion.[7]

¶ 13 Judgment of sentence vacated. Remanded for further proceedings. Jurisdiction relinquished.

¶ 14 JOYCE, J., files Concurring and Dissenting Opinion.

CONCURRING AND DISSENTING OPINION BY JOYCE, J.:

¶ 1 I concur in the Majority's determination that Appellant has raised a challenge to the discretionary aspects of the sentence; that he has properly preserved the issue through post-sentence motions; and that he has complied with Pa.R.A.P. 2119(f) by setting forth a substantial question in his brief. However, I do not agree with the Majority's reading of 42 Pa.C.S.A. § 9717(a). Therefore, I dissent and write separately.

¶ 2 The provision in question is as follows:

> **§ 9717. Sentences for offenses against elderly persons**
>
> (a) **Mandatory sentence.**—A person under 60 years of age convicted of the following offenses when the victim is

---

**6.** The sentencing court's Rule 1925 opinion stated that the reasons for the sentence were "the sentencing guidelines, the defendant's lack of prior record and the mandatory under Section 9717." Trial Court Opinion, 6/5/2006, at 4. The sentencing guidelines provide a standard range of restorative sanctions. Thus, the guidelines and Appellant's **lack** of a prior record do not support the imposition of the mandatory minimum. Thus, it would appear that the court imposed the enhanced minimum term based solely on its belief that

§ 9717(a) compelled it. In any event, we note that an "after the fact" justification for a sentence in a Rule 1925 opinion is insufficient. *Commonwealth v. McIntosh,* 2006 PA Super 311, ¶ 19 n. 11, 911 A.2d 513.

**7.** We need not define "justifiable cause" in this Opinion. Rather, we believe it is more prudent to allow the parties to litigate that issue.

over 60 years of age and not a police officer shall be sentenced to a mandatory term of imprisonment as follows:

* * *

18 Pa.C.S. § 3922 (relating to theft by deception)—not less than 12 months, **but the imposition of the minimum sentence shall be discretionary with the court where the court finds justifiable cause and that finding is written in the opinion.**

42 Pa.C.S.A. § 9717(a) (emphasis added).

¶ 3 The Majority reads the above language to require a written finding of justifiable cause to impose the mandatory minimum of 12 months.[8] I cannot agree with the Majority's interpretation of what it calls the statute's "plain language." Majority Opinion, at ¶ 10. Instead, I read the provision to require the imposition of a minimum sentence of 12 months unless the court finds justifiable cause to impose a *lesser* sentence, and explains *that* finding in a written opinion.

¶ 4 The trial court did not express any basis for imposing a lesser sentence because the trial judge determined that he did not "find ... justifiable cause to *not* follow the mandatory." N.T., 4/6/06, at 17 (emphasis added). Subsequently, in its Rule 1925(a) opinion, the trial court explained that "this Court determined that the appropriate sentence was issued. Therefore, this Court is of the opinion that it did not abuse its discretion by imposing the discretionary mandatory." Trial Court Opinion, 6/5/06, at 5. While the trial court employs an oxymoron when referring to the "discretionary mandatory," I agree— as does the Majority—that the provision in question does create, in effect, a discretionary mandatory minimum sentence. Unlike the Majority, however, I find that the trial court correctly interpreted § 9717 with respect to theft by deception, and did not abuse its discretion by imposing a 12 month minimum sentence in accordance with § 9717. Therefore, I would affirm the judgment of sentence.

¶ 5 The statutory language in question is far from a model of clarity. I believe an argument can be made for the Majority's reading of the provision as well as for my interpretation. Faced with the ambiguous language of § 9717, it is appropriate to look beyond the words of the statute to resolve the ambiguity. As our Supreme Court has stated:

> [W]here the intent of the legislature is clear from the plain meaning of the statute, courts need not pursue statutory interpretation. Only when the language of the statute is ambiguous does statutory construction become necessary. In addition, we note that penal statutes are to be strictly construed. Strict construction does not require that the words of a penal statute be given their narrowest possible meaning or that legislative intent be disregarded. It does mean, however, that where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused.

*Commonwealth v. Packer*, 568 Pa. 481, 488–89, 798 A.2d 192, 196 (2002) (quotations and citations omitted). I would submit that interpreting § 9717 to allow imposition of less than the mandatory minimum sentence, as long as the lesser sentence is supported by justifiable cause, is the interpretation that is most favorable to the accused.

¶ 6 In light of the ambiguity on the face of the provision, I urge the Legislature to

---

**8.** The trial court in the case *sub judice* imposed the mandatory minimum of 12 months, but did not support its sentence with a written finding of justifiable cause. Therefore, the Majority concluded that the trial court abused its discretion by misapplying the law.

revisit § 9717(a) with respect to the crime of theft by deception, and indicate whether the trial court must justify in writing the *imposition of* the mandatory minimum sentence, or whether the trial court must justify the *imposition of less than* the mandatory minimum sentence.[9] I would also encourage the Legislature to clarify the directive relating to a written opinion supporting the finding of justifiable cause, by confirming whether a separate written opinion is mandated, or whether—as the Majority concludes—"a court satisfies the requirement of a written 'justifiable cause' opinion if it states on the record, in the defendant's presence during sentencing, its determination of justifiable cause and the factual findings underlying that determination." Majority Opinion, at ¶ 11.

¶ 7 For the reasons set forth above, I concur in part and dissent in part, and would affirm the judgment of sentence imposed by the trial court.

---

9. The information reported in the Pennsylvania Legislative Journal is not helpful in resolving the ambiguity. On the House of Representative's third consideration of Senate Bill 1151, the legislation passed by the House did not include a mandatory minimum for theft by deception. S.B. 1151, Pa. Legis. Journal—House, at pp. 1169–71 (November 9, 1982). The Senate, however, did not concur in the legislation as passed by the House, and the bill was referred to conference committee. S.B. 1151, Pa. Legis. Journal—Senate, at p. 2560 (November 9, 1982). The Senate subsequently adopted the report of the conference committee. S.B. 1151, Pa. Legis. Journal—Senate, at p. 2790 (November 23, 1982). The legislation enacted as Act 334 of 1982 included the provision in dispute here. Although the provision apparently was added by the conference committee, there is no indication why it was added, or why theft by deception is the only one of the four crimes addressed in § 9717 that includes any discretionary language.