(This is an entirely new rule.)

RULE 113.1.  CONFIDENTIAL INFORMATION AND CONFIDENTIAL
DOCUMENTS. CERTIFICATION.

Unless public access is otherwise constrained by applicable authority, any attorney, or any party if unrepresented, or any affiant who files a document pursuant to these rules with the clerk of court's office shall comply with the requirements of Sections 7.0 and 8.0 of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* (Policy).  In accordance with the Policy, the filing shall include a certification of compliance with the Policy and, as necessary, a Confidential Information Form, unless otherwise specified by rule or order of court, or a Confidential Document Form.  Nothing in this rule applies to any document filed with a magisterial district judge.

> *Comment*:  "Applicable authority," as used in this rule, includes but is not limited to statute, procedural rule, or court order.  The *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* (Policy) can be found on the website of the Supreme Court of Pennsylvania at: *http://www.pacourts.us/public-records*.  The Policy is applicable to all filings by the parties or an affiant in any criminal court case.
>
> Sections 7.0(D) and 8.0(D) of the Policy provide that the certification shall be in substantially the following form:
>
>> I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.
>
> Filings may require further precautions, such as placing certain types of information in a "Confidential Information Form." The Confidential Information Form and the Confidential Document Form can be found at: http://www.pacourts.us/public-records/public-records-forms. In lieu of the Confidential Information Form, Section 7.0(C) of the Policy provides for a court to adopt a rule or order

permitting the filing of a document in two versions, a "Redacted Version" and an "Unredacted Version."

In addition to the restrictions above, a filing party should be cognizant of the potential impact that inclusion of personal information may have on an individual's privacy rights and security. Therefore, inclusion of such information should be done only when necessary or required to effectuate the purpose of the filing. Consideration of the use of sealing or protective orders also should be given if inclusion of such information is necessary.

While the Policy is not applicable to orders or other documents filed by a court, judges should give consideration to the privacy interests addressed by the Policy when drafting an order that might include information considered confidential under the Policy.

NOTE: New Rule 113.1 adopted January 5, 2018, effective January 6, 2018.


\*        \*        \*        \*        \*        \*


*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final Report explaining the provisions of the new rule published with the Court's Order at 48 Pa.B.          (        , 2018).</u>*

RULE 560.  INFORMATION:  FILING, CONTENTS, FUNCTION.

(A)  After the defendant has been held for court following a preliminary hearing or an indictment, the attorney for the Commonwealth shall proceed by preparing an information and filing it with the court of common pleas.

(B)  The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

(1)  a caption showing that the prosecution is carried on in the name of and by the authority of the Commonwealth of Pennsylvania;

(2)  the name of the defendant, or if the defendant is unknown, a description of the defendant as nearly as may be;

(3)  the date when the offense is alleged to have been committed if the precise date is known, and the day of the week if it is an essential element of the offense charged, provided that if the precise date is not known or if the offense is a continuing one, an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient;

(4)  the county where the offense is alleged to have been committed;

(5)  a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint; **[and]**

(6)  a concluding statement that "all of which is against the Act of Assembly and the peace and dignity of the Commonwealth**[.]**" **; and**

**(7) a certification that the information complies with the provisions of the _Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts_ regarding confidential information and documents.**

(C)  The information shall contain the official or customary citation of the statute and section thereof, or other provision of law that the defendant is alleged therein to have violated; but the omission of or error in such citation shall not affect the validity or sufficiency of the information.

(D)  In all court cases tried on an information, the issues at trial shall be defined by such information.

COMMENT:  The attorney for the Commonwealth may electronically prepare, sign, and transmit the information for filing.

Before an information is filed, the attorney for the Commonwealth may withdraw one or more of the charges by filing a notice of withdrawal with the clerk of courts. *See* Rule 561(A).  Upon the filing of an information, any charge not listed on the information will be deemed withdrawn by the attorney for the Commonwealth.  *See* Rule 561(B).  After the information is filed, court approval is required before a *nolle prosequi* may be entered on a charge listed therein.  *See* Rule 585.

In any case in which there are summary offenses joined with the misdemeanor, felony, or murder charges that are held for court, the attorney for the Commonwealth must include the summary offenses in the information.  *See Commonwealth v. Hoffman*, **[406 Pa. Super. 583,]** 594 A.2d 772 (**Pa. Super.** 1991).

***See* Rule 113.1 regarding the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* and the requirements regarding filings and documents that contain confidential information.**

When there is an omission or error of the type referred to in paragraph (C), the information should be amended pursuant to Rule 564.

*See* Rule 543(D) for the procedures when a defendant fails to appear for the preliminary hearing.  When the preliminary hearing is held in the defendant's absence and the case is held for court, the attorney for the Commonwealth should proceed as provided in this rule.

*See* Chapter 5 Part E for the procedures governing indicting grand juries.  As explained in the *Comment* to Rule 556.11, when the grand jury indicts the defendant, this is the functional equivalent to holding the defendant for court following a preliminary hearing.

NOTE:  Rule 225 adopted February 15, 1974, effective immediately; *Comment* revised January 28, 1983,

effective July 1, 1983; amended August 14, 1995, effective January 1, 1996; renumbered Rule 560 and amended March 1, 2000, effective April 1, 2001; *Comment* revised April 23, 2004, effective immediately; *Comment* revised August 24, 2004, effective August 1, 2005; *Comment* revised March 9, 2006, effective September 1, 2006; amended June 21, 2012, effective in 180 days **[.] ; amended January 5, 2018, effective January 6, 2018.**

\*        \*        \*        \*        \*        \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

*<u>Final</u> <u>Report</u> explaining the August 14, 1995 amendments published with the Court's Order at 25 <u>Pa.B.</u> 3468 (August 26, 1995).*

*<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).*

*<u>Final</u> <u>Report</u> explaining the April 23, 2004 <u>Comment</u> revision published with the Court's Order at 34 <u>Pa.B.</u> 2543 (May 15, 2004).*

*<u>Final</u> <u>Report</u> explaining the August 24, 2004 <u>Comment</u> revision concerning failure to appear for preliminary hearing published with the Court's Order at 34 <u>Pa.B.</u> 5025 (September 11, 2004).*

*<u>Final</u> <u>Report</u> explaining the March 9, 2006 Comment revision concerning joinder of summary offenses with misdemeanor, felony, or murder charges published with the Court's Order at 36 <u>Pa.B.</u> 1385 (March 25, 2006).*

*<u>Final</u> <u>Report</u> explaining the June 21, 2012 amendments to paragraph (A) concerning indicting grand juries published with the Court's Order at 42 <u>Pa.B.</u> 4140 (July 7, 2012).*

*<u>Final Report explaining the January 5, 2018 amendment regarding the Court's public access policy published with the Court's Order at 48 Pa.B. (          , 2018).</u>*

RULE 575.  MOTIONS AND ANSWERS.

(A)  MOTIONS

(1)  All motions shall be in writing, except as permitted by the court or when made in open court during a trial or hearing.

(2)  A written motion shall comply with the following requirements:

(a)  The motion shall be signed by the person or attorney making the motion.  The signature of an attorney shall constitute a certification that the attorney has read the motion, that to the best of the attorney's knowledge, information, and belief there is good ground to support the motion, and that it is not interposed for delay.  **The motion also shall contain a certification that the motion complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* regarding confidential information and documents.**

(b)  The motion shall include the court, caption, term, and number of the case in which relief is requested.

(c)  The motion shall state with particularity the grounds for the motion, the facts that support each ground, and the types of relief or order requested.

(d)  The motion shall be divided into consecutively numbered paragraphs, each containing only one material allegation as far as practicable.

(e)  The motion shall include any requests for hearing or argument, or both.

(f)  The motion shall include a certificate of service as required by Rule 576(B)(4).

(g)  If the motion sets forth facts that do not already appear of record in the case, the motion shall be verified by the sworn affidavit of some person having knowledge of the facts or by the unsworn written statement of such a person that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

(3)  The failure, in any motion, to state a type of relief or a ground therefor shall constitute a waiver of such relief or ground.

(4)  Any motion may request such alternative relief as may be appropriate.

(5)  Rules to Show Cause and Rules Returnable are abolished.  Notices of hearings are to be provided pursuant to Rules 114(B) and 577(A)(2).

(B)  ANSWERS

(1)  Except as provided in Rule 906 (Answer to Petition for Post-Conviction Collateral Relief), an answer to a motion is not required unless the judge orders an answer in a specific case as provided in Rule 577.  Failure to answer shall not constitute an admission of the facts alleged in the motion.

(2)  A party may file a written answer, or, if a hearing or argument is scheduled, may respond orally at that time, even though an answer is not required.

(3)  A written answer shall comply with the following requirements:

(a)  The answer shall be signed by the person or attorney making the answer.  The signature of an attorney shall constitute a certification that the attorney has read the answer, that to the best of the attorney's knowledge, information, and belief there is good ground to support the answer, and that it is not interposed for delay.  **The answer also shall contain a certification that the answer complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* regarding confidential information and documents.**

(b)  The answer shall meet the allegations of the motion and shall specify the type of relief, order, or other action sought.

(c)  The answer shall include a certificate of service as required by Rule 576(B)(4).

(d)  If the answer sets forth facts that do not already appear of record in the case, the answer shall be verified by the sworn affidavit of some person having knowledge of the facts or by the unsworn written statement of such a person that the facts are verified subject to the penalties for unsworn falsification to authorities under the Crimes Code § 4904, 18 Pa.C.S. § 4904.

(e)  The answer shall be filed not later than 10 days after service of the motion, unless otherwise ordered by the court.

(C)  Format of Motions, Answers, and Briefs

All motions, answers, and briefs must conform to the following requirements:

(1)  The document shall be on 8 1/2 inch by 11 inch paper.

7

(2)  The document shall be prepared on white paper (except for dividers and similar sheets) of good quality.

(3)  The first sheet shall contain a 3-inch space from the top of the paper for all court stampings, filing notices, etc.

(4)  The text must be double spaced, but quotations more than two lines long may be indented and single spaced.  Margins must be at least one inch on all four sides.

(5)  The lettering shall be clear and legible and no smaller than point 12.  The lettering shall be on only one side of a page, except that exhibits and similar supporting documents may be lettered on both sides of a page.

(6)  Documents and papers shall be firmly bound.

(D)  Unified Practice

Any local rule that is inconsistent with the provisions of this rule is prohibited, including any local rule requiring a party to attach a proposed order to a motion or an answer, requiring an answer to every motion, or requiring a cover sheet or a backer for any motion or answer.

COMMENT:  For the definition of "motion," see Rule 103.

*See* Rule 1005 for the procedures for pretrial applications for relief in the Philadelphia Municipal Court.

"Rules to Show Cause" and "Rules Returnable" were abolished in 2004 because the terminology is arcane, and the concept of these "rules" has become obsolete.  These "rules" have been replaced by the plain language "notice of hearings" provided in Rule 577(A)(2).

Pursuant to paragraphs (A)(2)(f) and (B)(3)(c), and Rule 576(B)(4), all filings by the parties must include a certificate of service setting forth the date and manner of service, and the names, addresses, and phone numbers of the persons served.

Although paragraph (B)(1) does not require an answer to every motion, the rule permits a judge to order an answer in a specific case.  *See* Rule 114 for the requirements for the filing and serving of orders, and for making docket entries.

8

Paragraph (B)(1) changes prior practice by providing that the failure to answer a motion in a criminal case never constitutes an admission. Although this prohibition applies in all cases, even those in which an answer has been ordered in a specific case or is required by the rules, the judge would have discretion to impose other appropriate sanctions if a party fails to file an answer ordered by the judge or required by the rules.

***See* Rule 113.1 regarding the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* and the requirements regarding filings and documents that contain confidential information.**

Paragraph (C), added in 2006, sets forth the format requirements for all motions, answers, and briefs filed in criminal cases. These new format requirements are substantially the same as the format requirements in Pennsylvania Rule of Appellate Procedure 124(a) and Pennsylvania Rule of Civil Procedure 204.1.

The format requirements in paragraph (C) are not intended to apply to pre-printed and computer-generated forms prepared by the Administrative Office of Pennsylvania Courts; to charging documents; to documents routinely used by court-related agencies; or to documents routinely prepared or utilized by the courts.

*Pro se* defendants may submit handwritten documents that comply with the other requirements in paragraph (C) and are clearly readable.

Paragraph (D), titled "Unified Practice," was added in 2004 to emphasize that local rules must not be inconsistent with the statewide rules. Although this prohibition on local rules that are inconsistent with the statewide rules applies to all criminal rules through Rule 105 (Local Rules) **and Pa.R.J.A. No. 103(d)**, the reference to the specific prohibitions is included because these types of local rules have been identified by practitioners as creating significant impediments to the statewide practice of law within the unified judicial system. *See* **[the first paragraph of the Rule 105 Comment]** *Pa.R.J.A. No. 103(d)(1)***.** The term "local rule" includes every rule, regulation, directive, policy,

custom, usage, form or order of general application. *See* **[Rule 105(A)] Pa.R.J.A. No. 103(d)(1)**.

The prohibition on local rules mandating cover sheets was added because cover sheets are no longer necessary with the addition of the Rule 576(B)(1) requirement that the court administrator be served a copy of all motions and answers.

Although paragraph (D) precludes local rules that require a proposed order be included with a motion, a party should consider whether to include a proposed order. Proposed orders may aid the court by defining the relief requested in the motion or answer.

NOTE: Former Rule 9020 adopted October 21, 1983, effective January 1, 1984; renumbered Rule 574 and amended March 1, 2000, effective April 1, 2001; rescinded March 2, 2004, effective July 1, 2004. Former Rule 9021 adopted October 21, 1983, effective January 1, 1984; renumbered Rule 575 and amended March 1, 2000, effective April 1, 2001; Rules 574 and 575 combined as Rule 575 and amended March 2, 2004, effective July 1, 2004; amended July 7, 2006, effective February 1, 2006 **[.] ; amended January 5, 2018, effective January 6, 2018.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the March 2, 2004 rule changes combining Rule 574 with Rule 575 published with the Court's Order at 34 Pa.B. 1561 (March 20, 2004).*

*Final Report explaining the July 7, 2006 addition of the format requirements in paragraph (C) published with the Court's Order at 36 Pa.B. 3808 (July 22, 2006).*

***Final Report explaining the January 5, 2018 amendment regarding the Court's public access policy published with the Court's Order at 48 Pa.B. (_____, 2018).***

RULE 578.  OMNIBUS PRETRIAL MOTION FOR RELIEF.

Unless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus motion.

COMMENT:  Types of relief appropriate for the omnibus pretrial motions include the following requests:

(1)  for continuance;
(2)  for severance and joinder or consolidation;
(3)  for suppression of evidence;
(4)  for psychiatric examination;
(5)  to quash or dismiss an information;
(6)  for change of venue or venire;
(7)  to disqualify a judge;
(8)  for appointment of investigator;
(9)  for pretrial conference;
(10) challenging the array of an indicting grand jury;
(11) for transfer from criminal proceedings to juvenile proceedings pursuant to 42 Pa.C.S. § 6322; and
(12) proposing or opposing the admissibility of scientific or expert evidence.

The omnibus pretrial motion rule is not intended to limit other types of motions, oral or written, made pretrial or during trial, including those traditionally called motions *in limine*, which may affect the admissibility of evidence or the resolution of other matters.  The earliest feasible submissions and rulings on such motions are encouraged.

*See* Pa.R.E. 702 and 703 regarding the admissibility of scientific or expert testimony.  Pa.R.E 702 codifies Pennsylvania's adherence to the test to determine the admissibility of expert evidence first established in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) and adopted by the Pennsylvania Supreme Court in *Commonwealth v. Topa*, 369 A.2d 1277 (Pa. 1977). Given the potential complexity when the admissibility of such evidence is challenged, such challenges should be raised in advance of trial as part of the omnibus pretrial motion if possible.  However, nothing in this rule  precludes such challenges from being raised in a motion *in limine* when circumstances necessitate it.

12

All motions filed pursuant to this rule are public records. However, in addition to restrictions placed by law and rule on the disclosure of confidential information, the motions are subject to the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* and may require further precautions, such as placing certain types of information in a "Confidential Information Form" or providing both a redacted and unredacted version of the filing.  *See* Rule 113.1.

***See* Rule 113.1 regarding the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* and the requirements regarding filings and documents that contain confidential information.**

*See* Rule 556.4 for challenges to the array of an indicting grand jury and for motions to dismiss an information filed after a grand jury indicts a defendant.

NOTE:  Formerly Rule 304, adopted June 30, 1964, effective January 1, 1965; amended and renumbered Rule 306 June 29, 1977 and November 22, 1977, effective as to cases in which the indictment or information is filed on or after January 1, 1978; amended October 21, 1983, effective January 1, 1984; *Comment* revised October 25, 1990, effective January 1, 1991; *Comment* revised August 12, 1993, effective September 1, 1993; renumbered Rule 578 and *Comment* revised March 1, 2000, effective April 1, 2001; *Comment* revised June 21, 2012, effective in 180 days; *Comment* revised July 31, 2012, effective November 1, 2012; *Comment* revised September 25, 2017, effective January 1, 2018 **[.]** **; *Comment* revised January 5, 2018, effective January 6, 2018.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY <u>REPORTS</u>:*

***<u>Report</u> explaining the October 25, 1990 Rule 306 <u>Comment</u> revision published at 12 <u>Pa.B.</u> 1696 (March 24, 1990).***

*Report explaining the August 12, 1993 Comment revision published at 22 Pa.B. 3826 (July 25, 1992).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the June 21, 2012 revision of the Comment referencing indicting grand jury rules published with the Court's Order at 42 Pa.B. 4153 (July 7, 2012).*

*Final Report explaining the July 31, 2012 Comment revision adding motions for transfer published with the Court's Order at 42 Pa.B. 5333 (August 18, 2012).*

*Final Report explaining the September 25, 2017 Comment revision regarding pretrial challenges to the admissibility of expert evidence published with the Court's Order at 47 Pa.B. 6173 (October 7, 2017).*

*Final Report explaining the January 5, 2018 Comment revisions regarding the Court's public access policy published with the Court's Order at 48 Pa.B. (_____, 2018).*