J-S76034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAMIR HAMMETT, | |
| Appellant | No. 4 EDA 2017 |

Appeal from the Judgment of Sentence May 18, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0003586-2015

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 26, 2018**

Appellant, Tamir Hammett, appeals from the judgment of sentence imposed on November 17, 2016, and amended by the order of May 18, 2017, following his bench convictions of one count each of simple assault, terroristic threats, stalking, criminal trespass, robbery, theft by unlawful taking, receiving stolen property, disorderly conduct, and harassment.[1] On appeal, Appellant challenges both the discretionary aspects and the legality of sentence. For the reasons discussed below, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2701(a), 2706(a)(1), 2709.1(a)(1), 3503(a)(1), 3701(a)(1), 3921(a), 3925(a), 5503(a)(1), and 2709(a)(1), respectively.

We take the underlying facts and procedural history in this matter from our independent review of the certified record. On July 8, 2015, the Commonwealth filed a criminal information charging Appellant with the aforementioned offenses, as well as one count each of arson, risking a catastrophe, and recklessly endangering another person.[2] The charges arose out of an incident on April 24, 2015, wherein Appellant sent numerous threatening text messages to his ex-girlfriend (the victim). (*See* N.T. Preliminary Hearing, 6/10/15, at 5-9).[3] Ultimately, Appellant came to the victim's residence, assaulted her in the presence of her children, and took her keys. (*See id.* at 10-14). The victim was able to escape, but a few minutes after she left the scene, Appellant called her and told her that her house was on fire. (*See id.* at 15-17). The victim returned to the home, which was on fire, and contacted the police and fire departments. (*See id.*).

Following a bench trial on September 21, 2016, the trial court acquitted Appellant of arson, risking a catastrophe, and recklessly endangering another person, but convicted him of the remaining offenses. Following receipt of a Pre-Sentence Investigation Report (PSI), on November 3, 2016, the trial court sentenced Appellant to an aggregate term of incarceration of not less than ninety nor more than one hundred and eighty months.

---

[2] 18 Pa.C.S.A. §§ 3301, 3302, and 2705, respectively.

[3] We note that the trial transcript is not included in the certified record.

On November 14, 2016, Appellant filed a counseled petition to modify sentence. On November 17, 2016, the trial court granted the petition in part, modifying the sentence to reflect credit for time served but denied the challenges in the remainder of the petition. The instant, timely appeal followed.

On December 22, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on January 11, 2017, alleging, in part, that his conviction for receiving stolen property should have merged with his robbery and theft convictions for sentencing. *See* Pa.R.A.P. 1925(b); (*see also* Appellant's Rule 1925(b) Statement, 1/11/17, at unnumbered page 2). On May 18, 2017, the trial court issued an amended sentencing order vacating the sentence for receiving stolen property. On July 21, 2017, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

> Whether the sentence imposed was harsh and excessive under the circumstances[?] There is a substantial question that the sentence is not appropriate per the sentencing code because it requires deeper consideration as to total confinement, whether partial confinement is indicated, whether correctional treatment can only be completed during incarceration, and whether a lesser sentence would deprecate the seriousness of the offense[?]
>
> Whether the elements of count 4 stalking, 13 disorderly conduct and 14 harassment are included in the elements of count 1 simple assault, as charged in the bills of information[?] Failure to apply merger was error.

(Appellant's Brief, at 10) (unnecessary italicization and capitalization omitted).

In his first claim, Appellant challenges the discretionary aspects of his sentence. (*See* Appellant's Brief, at 17-21). Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (citation omitted).

On appeal, to the extent that it can be determined from Appellant's vague argument, he claims that the sentence was harsh and excessive because the trial court did not consider a sentence of less than total confinement. (*See* Appellant's Brief, at 17; *see also id.* at 17-21). However, Appellant waived this claim.

We note, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citations and internal quotations marks omitted).

Here, while Appellant did file a post-sentence motion for modification of sentence, the only issues challenging the discretionary aspects of sentence concerned the trial court's decision to impose consecutive sentences. (*See*

Motion for to Modify Sentence, 11/14/16, at unnumbered page 2). It is settled that an appellant waives any discretionary aspects of sentence issue not raised in a post-sentence motion; also, an appellant cannot raise an issue for the first time on appeal. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 831 A.2d 599 (Pa. 2003) (finding claim sentencing court did not put sufficient reasons to justify sentence on record waived where issue was not raised in post-sentence motion); *see also* Pa.R.A.P. 302(a). Thus, Appellant waived his discretionary aspects of sentence claim.

In his second issue, Appellant contends that his sentence is illegal because the trial court sentenced him on stalking, disorderly conduct, and harassment, charges that he believes merge with simple assault for purposes of sentencing. (*See* Appellant's Brief, at 22-27). Specifically, Appellant states that all four charges arose out of the same set of facts and included identical elements. (*See id.*). We disagree.

"Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). We have stated:

> The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary. Additionally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law.

***Commonwealth v. Williams***, 871 A.2d 254, 262 (Pa. Super. 2005) (citations and quotation marks omitted). Section 9765 of the Judicial Code, which governs the merger of sentences, provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. When interpreting Section 9765, our Supreme Court has directed that the courts apply an elements-based test when determining questions of merger at the time of sentencing:

> A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other. . . .

***Baldwin***, ***supra*** at 837 (footnote omitted). We have explained:

> [T]he threshold question is whether Appellant committed one solitary criminal act. The answer to this question does not turn on whether there was a break in the chain of criminal activity. Rather, the answer turns on whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[.] If so, then the defendant has committed more than one criminal act. This focus is designed to prevent defendants from receiving a volume discount on crime[.]

***Commonwealth v. Orie***, 88 A.3d 983, 1020 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (quotation marks omitted).

As stated above, Appellant complains that his sentences for stalking, harassment, and disorderly conduct should have merged with his sentence for simple assault. To commit stalking, an individual must:

> (1) engage[] in a course of conduct or repeatedly commit[] acts toward another person, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person; or
>
> (2) engage[] in a course of conduct or repeatedly communicate[] to another person under circumstances which demonstrate or communicate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person.

18 Pa.C.S.A. § 2709.1(a)(1)-(2).

A person commits harassment when: "with intent to harass, annoy or alarm another, the person . . . strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S.A. § 2709(a)(1). A person is guilty of disorderly conduct when: "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . engages in fighting. . ." 18 Pa.C.S.A. § 5503(a)(1). Lastly, a person commits simple assault when he:

> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
>
> (2) negligently causes bodily injury to another with a deadly weapon;
>
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury[.]

18 Pa.C.S.A. § 2701(a)(1), (2), and (3).

Each of these statutes contains elements that simple assault does not. Harassment requires an intent to annoy or harass which simple assault does not. *See Commonwealth v. Hoffman*, 594 A.2d 772, 775 (Pa. Super. 1991) (holding that harassment does not merge with simple assault for purposes of sentencing). Disorderly conduct requires a person to create a hazardous or physically offensive condition, an element that simple assault lacks. Stalking requires a course of conduct that results in fear or substantial distress, which is not an element of simple assault. Since each of these offenses contains separate statutory elements, they do not merge for purpose of sentencing. *See Baldwin*, *supra* at 837; *see also* 42 Pa.C.S.A. § 9765. Appellant's challenge to the legality of sentence lacks merit.

Appellant's claims are either waived or without merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18